THOMPSON v. THE FAMILY PROTECTIVE UNION.

1. EVIDENCE—CHARGE—LETTERS—BENEFIT SOCIETIES.—In suit against benefit society on question of cancellation of certificate, raised by defendant and in reply, Judge may, without reading to the jury a letter written by deceased to defendant, and without admitting whole letter in evidence, instruct the jury that the letter shows on its face that up to that time deceased had not acquiesced in cancellation of certificate, and such act is not stating an inference to be drawn from facts mentioned in the letter, but construction of its terms.

2. BENEFIT SOCIETIES.—Statement in application for membership of benefit society as to answers, that "I adopt as my own, warranting them to be true and complete statements of all material facts within my knowledge," simply warrants as true the facts within his own knowledge.

3. IBID.—CHARGE as to cancellation of certificate of benefit society by society and acquiescence of member, is not a charge on the facts.

4. EXCEPTION failing to point out the particulars in which the modification of a request was erroneous, will not be considered.

Before ALDRICH, J., Lancaster, October term, 1902. Affirmed.

Action by Barbara A. Thompson against The Family Protective Union of Boston. From judgment for plaintiff, defendant appeals.

*Mr. Ernest Moore,* for appellant, cites: *Declarations of a person as to a past act are not admissible in his favor:* Abb. Tr. Ev., 45; 1 Green. on Ev., 15 ed., 99, note a, 124, 123; 84 Ga., 711. *Application is binding on insured:* 11 Ency., 2 ed., 866, 867, 872, 876. *Construction of application:* 11 Ency., 933; 10 Am. R., 166, 176, 180.

*Messrs. Green & Hines,* contra, cite: *Remarks as to letter was not charge on facts:* 36 S. C., 534; 61 S. C., 21; 40 S. C., 31. *Duty of Judge to construe letter:* 38 S. C., 417; 39 S. C., 281, 375, 383; 42 S. C., 58; 46 S. C., 220; 59 S. C., 591.

June 24, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action by the widow of James H. Thompson, she being the sole beneficiary named in a certificate of membership issued to him by the defendant, on the 15th day of September, 1899. The jury rendered a verdict in favor of the plaintiff, and from the judgment entered thereon the defendant has appealed upon exceptions, the first of which is as follows:

"1. Because the presiding Judge, having properly held that the letter by Thompson to Mathis (marked 'Exhibit C') could not be read to the jury as evidence, erred in stating in the presence of the jury that said letter by Thompson to Mathis showed that Thompson did not acquiesce in the cancellation of the policy up to the time said letter was written, and in holding that 'to that extent I will let it come in,' the errors being as follows: (a) In holding that the letter had any such effect. (b) In expressing the opinion to the jury as to what the letter showed and in holding that it had the effect above stated, the same being an expression of opinion upon the facts and an invasion of the province of the jury. (c) In expressing the opinion to the jury that the letter showed that up to that time Thompson had not acquiesced in the cancellation of the policy, such opinion being in effect a charge upon the facts, in violation of section 26, of article V., of the Constitution of this State. (d) In admitting the letter in evidence 'to the extent' above stated, the said letter being incompetent and inadmissible, as it was merely the written statement not under oath of said Thompson, made long after the time of the return to him of the last assessment paid by him."

The defendant, by answer, alleged that said membership certificate had been cancelled and revoked in the lifetime of the said J. H. Thompson by the defendant company, in pursuance of the laws of the defendant association, on account of certain misrepresentations or untrue statements of the said Thompson, contained in his application for insurance, and that the same thereby became null and void and of no force or effect, in accordance with the constitution and laws of the order; and further, that certain monthly premiums, dues, had been returned to said J. H. Thompson, who accepted and retained the same, and thereby acquiesced in the said revocation and annulment of the said certificate of insurance. At the trial the defendant offered evidence to sustain these allegations showing that the monthly premium of $1.50, paid by J. H. Thompson on said certificate of insurance in the

month of October, 1900, was duly returned to him on No-
vember 5th, 1900, with a notification that said certificate had
been cancelled, in pursuance of the laws of the order and the
terms of the application and certificate, upon the ground that
said certificate had been obtained by untrue statements in his
application as to previous health and especially as to his
having chronic dyspepsia.   In reply to this evidence, the
plaintiff introduced the letter by the insured, Thompson, to
Mathis, an agent of the defendant, marked "Exhibit C," for
the purpose of showing that Thompson did not consent to
the cancellation of the certificate.

The ground of appellant's objection to this testimony is
thus stated in the record:

"Mr. Moore: I object.   I don't know upon what ground
they would be competent.

"The Court: What do you say, Mr. Moore?   You have
alleged in there that the insured acquiesced in the cancella-
tion of the policy, and that letter is put in to disprove the
allegation in your answer and to show that he didn't acqui-
esce.

"Mr. Moore: I don't think that is a material issue in the
case.   But I don't think it is competent.   It is nothing more
than an outside declaration of his—one made on December
3d, and the other December 8th, 1900."

The following also appeared in the record:

"The Court: Well, it is my duty to construe this paper,
and I think, upon proper construction of it, it didn't acqui-
esce in terms, up to the time this letter was written, in the
cancellation of the policy, and to that extent I will let it come
in.   (Letter marked 'Exhibit C,' offered in evidence, subject
to above limitations.)

"Mr. Green: Did I understand that I can read those let-
ters?

"The Court: No, sir, you cannot read them."

The ruling of his Honor, the presiding Judge, must be
construed with reference to the state of facts then under con-
sideration.   In the first place, the letter was admissible in

evidence for the purpose of showing that he did not consent to the cancellation of the certificate of insurance. In the second place, the exception does not show that the presiding Judge stated his inference from the facts, but merely the meaning of the terms used in the letter. It is the duty of the Court to construe the words of a written instrument, but ordinarily the inference to be drawn from the facts therein stated is for the jury, especially where the inference is to be drawn, not only from those facts, but from other facts and circumstances in the case. The ruling of the Circuit Judge was of a negative nature. He did not rule that Thompson, as shown by the letter, did not acquiesce in the cancellation of the policy. This would undoubtedly have been erroneous, because the fact whether Thompson acquiesced in the cancellation of the policy was not only dependent upon the inference to be drawn from the facts mentioned in the letter, but upon the other facts and circumstances of the case. He simply ruled, in effect, that the *letter* did not show upon its face that Thompson acquiesced in the cancellation of the certificate up to the time the letter was written. Stating the contents of a letter and the proper construction of its terms, is quite different from stating its effect as testimony, in so far as the inferences are to be deduced from the facts therein mentioned. This exception is overruled.

The second exception is as follows: "2. Because the presiding Judge, in charging the jury as to the effect of statements made by the insured, Thompson, in the application for the policy (the statements made in which application are therein warranted by the insured to be 'full and correct answers' and to be 'true'), having correctly charged that the insured, Thompson, was bound to make a truthful statement of facts in said application, erred in charging further as follows: (a) In charging that 'if a question is asked here, a specific question is asked and answered by the applicant, and the true facts of the case are within the knowledge of the applicant, of the assured, of the party seeking the insurance, then he ought to answer cor-

rectly;' the error being in the modification expressed by the presiding Judge in the words, 'and the true facts of the case are within the knowledge of the applicant, the insured;' thereby instructing the jury that if the applicant, Thompson, answered a specific question untruly, but did not know that hé was so answering untruly, it would not affect the plaintiff's right to recover; the said proposition being incorrect in this, that, under the terms of the application in this case, the applicant, Thompson, warranted the truth of all his answers to specific questions; whereas, the presiding Judge (by the instruction complained of) charged otherwise, and erred in so charging. (b) In charging that 'the insurance company had a right to ask these questions to be answered, and it was the duty of the applicant to answer the question truly if within his knowledge;' the error being the same as in the last subdivision above stated."

The following is attached to the application for membership: "I, the above named applicant, do hereby declare that I have made full and correct answers to all questions in forms 'A,' 'B,' 'C' and 'D,' and whether said answers are in my own handwriting or not, I adopt as my own, warranting them to be true and complete statements of all material facts within my knowledge." If the contention of the appellant is correct, then there was no necessity for the use of the words, "within my knowledge," and this construction would render the words meaningless. The applicant did not intend to warrant that the facts were within his knowledge, but that they were true, in so far as they came within his knowledge. This construction gives force and effect to all the words of the warranty. This exception is likewise overruled.

The third exception is as follows: "3. Because the presiding Judge erred in charging plaintiff's seventh request to charge, to wit: 'That if at the time the policy of insurance is cancelled, the insurer returns to the insured the last premium paid by him along with a notice of such cancellation, the insured does not by retaining such premium acquiesce in the revocation and cancellation of the

policy.' The presiding Judge erred in charging the jury that said request was substantially correct; the error being in so charging said request as substantially correct and thereby expressing an opinion upon the facts to the jury; and such error not being cured by the Judge's expression of hesitation to so charge, nor by his saying that it was still a question for the jury to determine as to whether or not, by retaining such premium, the insured acquiesced in the cancellation."

In charging the request mentioned in the exception, the presiding Judge said: "Well, gentlemen, that is substantially correct. I hesitate to charge it in the exact language it is, because I am not allowed to charge upon the facts. But the statement here, that the policy of insurance is cancelled and the premium returned with a notice of such cancellation, the assured does not by retaining such premium acquiesce in the revocation and cancellation of the policy, that is a question of fact for you. But as a question of law, a contract of insurance is like any other contract. Whether it is cancelled or not cancelled, is a question of fact for the jury to pass upon." The assignment of error in the exception is that the presiding Judge expressed an opinion upon the facts to the jury. By reference to the foregoing it will be seen that the facts were entirely submitted for determination by the jury without comment upon them by the Judge. This exception is overruled.

The fourth exception is as follows: "4. Because the presiding Judge erred in refusing to charge the jury, as requested by defendant in the third request to charge, 'that even if there had been no misrepresentation in the application, still if the defendant sought to cancel the certificate for an alleged misrepresentation, and so notified the assured, Thompson, and returned to him an assessment previously paid, which return was received and accepted by Thompson, the jury may conclude that by such acceptance, Thompson acquiesced in the cancellation, and if they so conclude, the plaintiff cannot recover and the verdict must be for the defendant;' the error being in the refusal to charge the jury

30—66

that they might find from the facts an acquiescence by Thompson in the cancellation, and that if they did so find, such acquiescence would prevent a recovery by the plaintiff herein." The presiding Judge said: "Well, gentlemen, I cannot charge you that as requested, because it would carry me somewhat on the facts. I can't tell you the force and effect of testimony. If the assessment was returned and accepted by Thompson, 'the jury may conclude that by such acceptance, Thompson acquiesced in the cancellation'—I do not mean to say that from that one fact you must conclude, or it is your duty to conclude, or what force and effect you will give it. But you will take that into consideration with all the other testimony in the case, to see whether he acquiesced in the cancellation of the policy. All the testimony is before you. If he did acquiesce in it, agree to the cancellation, why, of course, that ends it, for it was done by his consent." The reasons assigned by the Circuit Judge for refusing the request are satisfactory to this Court.

The fifth exception is as follows: "5. Because the presiding Judge erred in refusing to so charge as above set forth in the last exception, and in holding that to so charge would be to charge upon the facts." This is disposed of by what was said in considering the fourth exception.

The sixth exception is as follows: "6. Because the presiding Judge erred in refusing to charge the defendant's fourth request to charge, as follows: 'That if, however, the application contained misstatements or misrepresentations of fact as to the previous health of the assured, Thompson, then the defendant had the right to cancel the certificate at any time before two years' payments of assessments had been made, and if it was so cancelled by defendant, even against the objection of the assured, Thompson, no recovery can be had thereon, and the verdict must be in favor of the defendant.' " His Honor said, "Well, gentlemen, I charge you that, with this modification." Then followed a lengthy charge upon this question. The exception cannot be considered, because it fails to specify in what

particulars the modified charge was erroneous. It is, there-fore, overruled.

The seventh exception is as follows: "7. Because the pre-siding Judge, in refusing and modifying the said fourth request to charge, just above quoted, erred in charging the jury as follows: 'As I read to you here, there are certain specific questions, where they ask as to specific diseases, for instance, chronic dyspepsia. That re-quires the insured to answer according to the facts, as he knows the facts in the case; the error being in thus charging the jury that the answers to specific questions must have been known to the insured to be untrue, in order to avail as a defense upon the ground of the untruthfulness of such answers." This exception is disposed of by what was said in considering the second exception.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.