## MARTIN v. ROYSTER GUANO CO.

1. PLEADINGS.—The words, "danger thereof," in a complaint alleging that the defendant "so carelessly and negligently interfered with, cut and dug in and upon said large pile of acid * * * and so negligently and carelessly failed to notify plaintiff of the danger thereof that same fell over," &c., may be construed to refer to. the danger arising from the unsafe condition of the said pile.

2. NONSUIT.—This Court will not consider grounds of nonsuit not relied on on Circuit, but if there be an entire failure of evidence tending to support the material allegations of the complaint this Court will affirm an order of nonsuit erroneously based in part on grounds made.

3. RISKS—MASTER AND SERVANT.—The servant assumes any danger arising during the progress of the work, which is a consequence reasonably and naturally to be anticipated from the nature of the employment.

4. MASTER AND SERVANT.—The master is not liable for the failure of the "boss" to give notice to a servant engaged in moving a large pile of acid of the danger of its falling, where such danger is not hidden or unusual but known to the servant.

Before GARY, J., Richland, April, 1904.   Affirmed.

Action by Benjamin Martin against Royster Guano Company.   Plaintiff appeals from order of nonsuit.

*Messrs. P. T. Youmans* and *DePass & DePass,* for appellant, cite: *As to construction of pleadings:* Code of Proc., 180; 12 S. C., 5, 576; 25 S. C., 123; 38 S. C., 300; 56 S. C., 241; 8 S. C., 104; 29 S. C., 258; 14 S. C., 51; 27 S. C., 324, 623; 24 S. C., 81; Code of Proc., 197; 11 S. C., 122,

409; 22 S. C., 557. *Error not to permit plaintiff to amend:*
3 S. C., 401; 33 S. C., 361; 9 S. C., 330; Code of Proc.,
194; 12 S. C., 173; 26 S. C., 415; 59 S. C., 81; 58 S. C.,
466; 50 S. C., 397. *Grounds not stated in motion for non-suit will not be considered:* 54 S. C., 314.

*Messrs. Melton & Belser,* contra, cite: *Nonsuit should be
granted if there is a total failure of evidence as to any
material averment:* 29 S. C., 100; 66 S. C., 98; 45 S. C.,
278; 55 S. C., 483. *As to duty of master to warn servant
of danger:* Labatt on M. & S., 525; 55 S. C., 486; 22 S. C.,
537; 145 U. S., 418; Lab. on M. & S., 455; 65 N. W., 667.
*The "Boss" was a fellow-servant of plaintiff:* 69 S. C., 101;
70 S. C., 95; 71 S. C., 57. *Instructions to hurry do not
constitute negligence in master:* 1 Lab. on M. & S., 1229,
1233; 22 S. C., 558; 55 S. C., 483; 133 U. S., 343; 137
Mass., 243; 168 Mass., 268; 4 Col., 168. *Amendments
during trial are limited to those which do not substantially
change the claim:* 30 S. C., 575; 68 S. C., 508. *It is also
a matter of discretion:* 70 S. C., 550; 50 S. C., 465.

July 18, 1905. The opinion of the Court was delivered by
Mr. Justice Gary. This is an appeal from an order of
nonsuit. The first paragraph of the complaint alleges, that
at the time thereinafter mentioned the defendant was a
corporation engaged in the manufacture of fertilizers. The
second and third paragraphs are as follows:

"2. That, on or about the 18th day of February, 1902,
the plaintiff was in the employ of said defendant as a
laborer, and, as such, was engaged in rolling a wheelbarrow,
filled with an acid or fertilizer compound, from a large and
high pile of the acid compound, to another part of said
factory, under the immediate direction and supervision of
one of the agents of said defendant, specially charged
therewith, commonly called by plaintiff and his fellow-
workmen, 'The Boss.'

"3. That, while plaintiff was so employed, the defendant,

by its agents and servants, not regarding their duty in that respect, so carelessly and negligently interfered with, cut and dug in and upon said large pile of acid or fertilizer compound, and so negligently and carelessly failed to notify plaintiff of the danger thereof, that the same fell over and upon said plaintiff, without any fault or negligence upon his part, whereby he received great bodily injury. * * *"

The defendant's answer contained a general denial, and set up as a defense the assumption of risk by the plaintiff. At the close of the plaintiff's testimony the defendant made a motion for a nonsuit, on the following grounds:

"1. That there is no evidence tending to show any negligence or breach of duty on the part of the defendant. There are neither allegations of, nor evidence tending to prove negligence or breach of duty as to, (a) providing or maintaining safe and suitable machinery or appliances; (b) employment of incompetent fellow-servants; (c) providing a sufficient force for the performance of the work required; (d) providing and maintaining safe places to work; (e) inspection and repair of materials, appliances and place; (f) or any other duty which the defendant was required by law to perform. The only specifications of negligence set forth in the complaint are: (a) That the defendant, by its agents and servants, negligently and carelessly interfered with, cut and dug in and upon a large pile of fertilizer compound, and, (b) that the defendant failed to notify the plaintiff as to the danger thereof.

"As to the first of these specifications, there is an entire failure of evidence tending to show that the large pile of fertilizer compound was negligently or carelessly interfered with, cut or dug in and upon by anyone whomsoever; but, if so, certainly not by anyone for whose act the defendant is responsible for injury to the plaintiff, no direct act of the defendant itself, nor of a vice-principal, nor of a superior servant, nor of anyone else for whose act the defendant is responsible.

"As to the second specification of negligence, viz: failure

to warn the plaintiff of the alleged danger. It will be observed here that there is neither allegation nor evidence tending to prove that the plaintiff was either youthful or inexperienced, and the proof is to the contrary. In order to impose upon the master the duty of warning a servant in a case like this, it must be made to appear, (a) that the master knew, or by exercise of ordinary care ought to have known, of the danger; (b) that the servant was ignorant of the danger; (c) that the master knew, or ought to have known, that the servant was ignorant of the danger. There is absolutely no testimony tending to prove these facts.

"2. That the evidence conclusively establishes that the proximate cause or causes of the injury were either the acts of fellow-servants of the plaintiff, or the acts of the plaintiff and his fellow-servants combined and concurring, for neither of which the defendant is liable.

"3. That if any negligence has been proved on the part of the defendant, there is no evidence tending to show that such negligence was a proximate cause of the injury to the plaintiff.

"4. That the evidence conclusively establishes that the risk and danger, if any, from which the injuries resulted, were assumed by the plaintiff, and the evidence is capable of no other inference."

His Honor, the presiding Judge, granted the nonsuit on the foregoing grounds, as well as on the ground that the words "danger thereof," in the third paragraph, had reference to the danger of cutting, digging and interfering with the pile of acid, while the plaintiff contended that they were intended to refer to the danger arising from the unsafe condition of the said pile.

The presiding Judge said: "The real cause of action is that, having dug out an excavation in the acid pile, it caused the pile to become dangerous to its employees engaged in moving the same, and while it was in this dangerous and unsafe condition, negligently ordered plaintiff

to remove the same. And while it was in this dangerous and unsafe condition, negligently ordered plaintiff to remove a portion of the acid without having notified party of its condition. If you had set out that cause of action I do not know but what your proof is such I could have submitted that to the jury under that allegation and proof."

Before the order of nonsuit was signed, the plaintiff's attorneys made a motion to amend the complaint so as to make the allegations thereof conform to the testimony. The motion was refused on the ground that it would make a different cause of action. Under the liberal spirit of the Code, we think the Circuit Judge erred in his construction of the complaint. The Court will, therefore, consider the question whether there was any testimony tending to establish negligence on the part of the defendant, in the light of the allegations, which the appellant contends, are set out in the complaint.

One of the exceptions assigns error on the part of the Circuit Judge in granting the order of nonsuit, on grounds other than those set out in the defendant's motion. It is true, this Court will not consider grounds of nonsuit which were not relied upon in the Circuit Court. *Lewis* v. *Hinson,* 64 S. C., 571, 43 S. E., 15. But that is not the question before this Court. The Circuit Judge did consider the said grounds, and, although he' erred in partly basing the order of nonsuit upon them, this does not constitute reversible error, if there was an entire failure of testimony tending to support the material allegations of the complaint. *Harmon* v. *Tel. Co.,* 65 S. C., 490, 43 S. E., 959.

There was testimony to the effect that the defendant, at the time of the injury, was causing the various ingredients of one of its compounds to be brought together, in one of the buildings of its plant. One of these ingredients was in a large pile, and the defendant employed a number of servants, called, respectively, pickers and wheelbarrowmen, to remove it therefrom to the smithereen, where it was

- 16—72

mixed with the other ingredients. The pickers would cut into the pile, commencing at the bottom, and undermine it, so as to cause it to fall, whereupon the wheelbarrowmen would shovel it into their wheelbarrows, and transport it to the smithereen. The plaintiff, a man of thirty-eight years of age, was a wheelbarrowman, and had been working for the defendant, in that capacity, for about six weeks. On the day of the injury, the pickers had dug into the pile, so that a part of it overhung, at a height from seven to ten feet, when the plaintiff in his turn pushed his wheelbarrow under the part that was overhanging. Facing the excavated place, he loaded his wheelbarrow, and turning his back, was about to push it away, when the overhanging part fell and struck him. A man by the name of Decker was in charge of the work, directing the pickers as well as the wheelbarrowmen in their several duties. He was known as the "Boss," by those working under his direction. He gave orders as to what was to be done, and also gave notice to the wheelbarrowmen, when any danger was apprehended, in the discharge of their duties. The plaintiff was carrying out the orders of Decker when the pile fell.

The complaint specifies two acts of negligence: 1. That the defendant failed to provide a safe place where the servants might perform the duties of their employment. 2. That the defendant failed to give notice to the plaintiff of the dangerous condition of the pile of acid, at the time of the injury.

We will first consider whether there was any testimony whatever tending to establish the allegation that the defendant was negligent in providing a safe place to work. The place where the servants were called upon to pursue their labor was not, in the first instance, rendered dangerous by the pile of acid. The danger arose during the progress of the work, and was a consequence naturally and reasonably to be anticipated from the nature of the employment. The danger was merely incidental to the performance of the duties for which the servants were employed, and there was,

therefore an assumption of risk on their part. The exceptions raising this question are overruled.

The next question that will be considered is whether there was any testimony tending to prove negligence in failing to give notice to the plaintiff of the dangerous condition of the pile of acid at the time of the injury. The cases of *Couch* v. *R. R.,* 22 S. C., 558; *Owings* v. *Oil Mill,* 55 S. C., 483, 33 S. E., 591; *McDaniel* v. *R. R.,* 70 S. C., 95, and *Brabham* v. *Tel. Co.,* 71 S. C., 53, show that the plaintiff and the "Boss," Decker, were fellow-servants. The principle is thus clearly stated in the case last mentioned: "In determining who are fellow-servants, the test or rule in this State is not whether the servants are of different grade, rank or authority, one of them having power to control and direct the services of another, but the test is in the character of the act being performed by the offending servant, whether it was the performance of some duty the master owed to the injured servant, the performance of which duty the master had entrusted to the offending servant." In the case under consideration, there was no duty resting upon the defendant to give notice to the plaintiff, as the danger was not hidden or unusual, and the plaintiff had knowledge thereof. The exceptions raising this question are overruled.

The appellant also contends that the Circuit Judge erred in refusing the motion for an order allowing an amendment to the complaint, so as to make the allegations thereof conform to the testimony. This Court has considered the questions presented by the exceptions, as if the amendment had been permitted. The appellant, therefore, has not suffered prejudice by such refusal.

The appellant likewise assigns error on the part of the Circuit Judge in refusing to allow the introduction of certain testimony. Under the views hereinbefore expressed, the testimony which the plaintiff sought to introduce was immaterial.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.