## 6766

### GYLES v. SOUTHERN RY.

1. RAILROADS—PASSENGERS—NEGLIGENCE.—Boarding a moving train is not negligence *per se,* unless the train is moving so fast as to make the danger of boarding obvious to a person of ordinary prudence.

2. IBID.—IBID.—IBID.—WILFULNESS.—There was sufficient evidence here that plaintiff was left at a flag station, at which he had stopped the train by flag, by the negligence and wilfulness of defendant's agents to make refusal of new trial not erroneous.

Before GAGE, J., Barnwell, fall term, 1906.    Affirmed.

Action by C. E. Gyles against Southern Railway.    From judgment for plaintiff, defendant appeals.

*Mr. Robert Aldrich,* for appellant, cites:  *One exposing himself to a known danger can not recover for injury:* Moore on Carriers, 673, 832-3.

*Messrs. Davis, Gunter & Gyles,* contra, cite:  *Points not made on Circuit not considered here:* Rule 11 Circuit Court; 50 S. C., 51, 425; 3 S. C., 510; 75 S. C., 32.  *Not negligence per se to alight from a moving train:*  28 Ind., 442; Moore on Carriers, 836, 832, 848, 849, 851; 151 N. Y., 425; 14 Tex. Civ. Ap., 703; 111 Mo., 335; 69 Md., 11; 23 Ency., 646; 60 Fed., 694; 58 A. & E. R. R. Cos., 223; 5 Ency., 649, 655, 664; 72 Tex., 108; 58 S. C., 228; 56 S. C., 93; 66 S. C., 533; 4 Elliott on R. R., 2545; 55 L. R. A., 497.  *If there may be more than one inference from facts, case must go to jury:*  54 S.C., 504; 76 S. C., 204; 94 U. S., 469; 52 S. C., 336; 76 S. C., 378; 62 S. C., 138; 61 S. C., 348; 33 S. E., 240; 23 S. E., 616; 24 S. E., 415, 805; 26 S. E., 149.  *Issue of danger in alighting is for jury:*  113 Ga., 297; 29 S. E., 886; 25 S. E., 384; 38 S. E., 328; 39 S. E., 961; 39 S. E., 345; 62 S. C., 130; 27 S. E., 128; 58 S. C., 91; 39 S. E., 808; 40 S. E., 86. *Proximate cause:* 52 S. C., 324; 76 S. C., 204; 76 S. C., 378; 77 S. C., 372.  *Punitive damages:*  76 S. C., 378; 52 S. C., 323; 52 S. C., 329; 77 S. C.,

373; 53 S. C., 206; 76 S. C., 194; 61 S. C., 189; 62 S. C., 331; 57 S. C., 228; 77 S. C., 61; 70 S. C., 418; 76 S. C., 249.

February 25, 1908.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The plaintiff brought this action to recover damages for personal injuries alleged to have been sustained by him on November 25, 1905, at Edisto, S. C., while attempting to board defendant's regular passenger train from Branchville to Augusta as a passenger for Blackville, and was awarded judgment for $1,200.00.

We notice, first, appellant's third, fourth and fifth exceptions to the refusal of motion for a new trial, appellant contending that, according to plaintiff's testimony, he attempted while encumbered with baggage to board the train moving at the rate of four or five miles an hour and that his injury was the result of his own negligence.

Plaintiff testified that it was difficult to state how fast the train was moving but he supposed four or five miles an hour. The accident happened within a few seconds after the train began to move and it was not probable the train had acquired any great speed.  The rule of law declared in this State is that it is not negligence *per se* to board or alight from a moving train, unless the train is moving so fast as to make the danger of alighting or boarding obvious to a person of ordinary prudence, and that ordinarily it should be left to the jury to determine whether the passenger's act is negligent under the circumstances.   *Cooper* v. *Ry. Co.,* 56 S. C., 94, 34 S. E., 16; *Creech* v. *Ry. Co.,* 66 S. C., 533-4, 45 S. E., 86.   Such is the rule as established by the weight of authority in other jurisdictions.

The testimony in behalf of plaintiff tended to show that plaintiff and J. B. Strobel, accompanied by a negro, had been fishing on the river near the station and were at the station with their fishing and hunting luggage awaiting to take the train to Blackville, early Saturday night. Edisto was a flag station and it was customary for

defendant to take on and let off fishermen, with their luggage, at that place. On signal, the train stopped, three passengers got off and Strobel and the negro managed to board the train safely with a part of the baggage. When plaintiff, after placing some of his luggage in the baggage car, attempted to board the train with a package in each hand, the train had begun to move. While plaintiff was attempting to place the baggage on the car-steps, so as to mount himself, the moving car struck his baggage while in his hand and this threw him backwards, causing him to fall upon his left hand and injuring it. The train went on, leaving him at the station, but later in the night, under the direction of defendant's train-master, the members of the crew of the following freight train hunted him up at his lodging place near the station and carried him, with his baggage, to Blackville, arriving there some time after one o'clock. There was a sharp issue in the testimony as to whether the train stopped a reasonable time. The plaintiff and Strobel testified that the train barely stopped before moving on again, and the defendant's witnesses testified that the stop was two or three minutes and was longer than usual. Strobel testified that before the car stopped, the negro passengers were tumbling out and as soon as they got out of the way, he was trying to get on; that he threw his guns on the platform, and as he was getting up the conductor had his hand on the bell-cord and witness said to him, "Hold on, there is somebody else to get on here; he is attending to some baggage," and that the conductor replied, "Oh, I have no time to fool here," and he pulled the cord and away the train went.

The plaintiff testified that when the train rolled up, he grabbed the two bundles and carried them to the baggage-car; a railroad man in the door, in answer to a call from the engineer, said "Go ahead," upon which plaintiff remarked, "What the devil do you want to go ahead for and leave me standing out here?" That he rushed to the remaining bundles and taking one in each hand tried to get aboard, with the result already stated. The defendant's servants

rendered no assistance whatever in the effort to get the baggage aboard.

In view of the foregoing, it can not be said that there was such absence of testimony as to make it error of law to refuse a new trial.

The first and second exceptions allege error in refusing certain requests to charge, but an examination of the record fails to disclose that the Court refused to charge any such requests as are specified in the exceptions. It does appear that Judge Gage refused to charge appellant's sixth request, as follows: "When a passenger voluntarily leaves a train of cars while in motion simply to avoid being carried beyond the station where he desires to stop, and in doing so receives an injury, his own negligence is the proximate cause of the injury and he can not recover against the company though the conductor was in fault in not stopping the train."

This request was not strictly applicable to the case in hand, but conceding that the same general rule should apply whether the injury is sustained while alighting from or boarding a moving train, the foregoing request was properly refused, as it assumes that alighting from or boarding a slowly-moving train is negligence *per se,* whereas, as heretofore shown, that is not the law of this State.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.