7138

SEVIER v. SOUTHERN RY.

1. AMENDING PLEADINGS.—Permitting a complaint alleging that defendant carrier wilfully and negligently, rapidly moved its cars as the passenger was attempting to alight, to be amended after motion for nonsuit, so as to conform to the proof, to allege the carrier negligently slowly moved its cars as the passenger was attempting to alight does not substantially change the claim of plaintiff and is not error, as defendant's counsel announced he was not misled by the variance.

2. CONTRIBUTORY NEGLIGENCE—ISSUES.—It is not contributory negligence *per se* for a passenger to alight from a slowly moving car, but it is a question for the jury under the circumstances of each case.

Before PRINCE, J., Greenville, June term, 1908. Affirmed.

Action by Elizabeth M. Sevier against Southern Ry. From judgment for plaintiff, defendant appeals.

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *Judge should have directed verdict for defendant:* 81 S. C., 317; 45 S. C., 278; 57 S. C., 433; 78 S. C., 384. *Only inference from testimony was that plaintiff was guilty of contributory negligence:* 77 S. C., 377; 56 S. C., 91; 66 S. C., 563; 78 S. C., 568; 79 S. C., 177; 80 S. C., 1; 46 S. E. R., 12; 5 Ency., 667. *Amendment to complaint:* 80 S. C., 219.

*Mr. B. M. Shuman,* contra, cites: *Amendment was not error:* 72 S. C., 474; 51 S. C., 412; 17 S. C., 589; 33 S. C., 562; 55 N. Y., 319; 37 Ia., 107; 35 Ia., 589; Pom. on Rem. Rights, sec. 555; 9 S. C., 330; 81 S. C., 264, 564. *Negligence per se in carrier not to stop train for passenger to alight:* 77 S. C., 371; 58 S. C., 223; 53 S. C., 120. *Plaintiff not guilty of contributory negligence:* 66 S. C., 528; 72 S. C., 137; 62 S. C., 143; 77 S. C., 341; 79 S. C., 176; 20 L. R. A., 853; 14 L. R. A., 743; 54 L. R. A., 582.

April 9, 1909. The opinion of the Court was delivered by

Mr. Justice Jones. Plaintiff recovered judgment against defendant for five hundred dollars for personal injuries alleged to have been sustained by her while a passenger on defendant's train from Spartanburg to Campobello on August 1, 1906.

The plaintiff went to trial upon a complaint in part alleging that defendant's servants, upon arrival of the train at said station, negligently, wilfully and recklessly failed to stop the train long enough for plaintiff to alight in safety, and "negligently, wilfully and recklessly, while plaintiff was endeavoring to get off of said car at said station, moved and caused the same to move rapidly forward and onward, thus causing plaintiff to fall

and be thrown violently from said car to the ground." At the close of all the testimony defendant moved to direct a verdict; (1) because there was no evidence of wilfulness to support punitive damages; as the Court directed the jury not to find punitive damages this ground goes out of the case. (2) Because there was no evidence to sustain the cause of action alleged in the complaint. (3) Because the testimony shows conclusively that plaintiff was guilty of contributory negligence in alighting from the moving train. Plaintiff moved to amend the complaint to conform to the facts proved and the Court granted an amendment striking out the words which we have quoted above and inserting in lieu the words: "Defendant negligently started said car from said station before plaintiff had time to alight therefrom, and after defendant started the same and while it was moving slowly plaintiff attempted to alight therefrom and fell violently to the ground from said car, defendant thus causing plaintiff to fall and be thrown violently from said car to the ground."

The testimony for plaintiff tended to show that the train did not stop a sufficient time to permit plaintiff to alight, and that when attempting to do so while the train was slowly moving forward she fell to the ground and was injured.

We do not think that the amendment allowed substantially changed the claim of plaintiff and, therefore, it was expressly permitted by sec. 194 of the Code of Procedure. *Booth* v. *Langley Co.,* 51 S. C., 412, 29 S. E., 204; *Rountree* v. *Railway,* 72 S. C., 476, 52 S. E., 237. Section 190 of the Code provides that no variance between the allegation in a pleading and the proof shall be deemed material unless it has actually misled the adverse party to his prejudice, and it appears that counsel for defendant, upon the motion to direct a verdict stated that he had not been misled by the variance. The first and third exceptions, therefore, cannot be sustained.

Defendant's second and remaining exception contends that the evidence warrants no other inference than that plaintiff negligently contributed to her injury by alighting from a moving train under circumstances making it obviously dangerous to do so.

According to the testimony for plaintiff, the train was moving slowly, not over two miles per hour, and a witness for the defendant testified that the train had not moved more than the length of the car when plaintiff alighted.

The authorities in this State hold that it is not contributory negligence in law for a passenger to alight from a slowly moving train. *Cooper* v. *Railway Co.,* 56 S. C., 94, 34 S. E., 16; *Creech* v. *Railway,* 66 S. C., 533, 45 S. E., 86. The rule is thus stated in *Gyles* v. *Railway,* 79 S. C., 177, 60 S. E., 433: "The rule of law declared in this State is that it is not negligence *per se* to board or alight from a moving train, unless the train is moving so fast as to make the danger of alighting or boarding obvious to a person of ordinary prudence, and that ordinarily it should be left to the jury to determine whether the passenger's act is negligent under the circumstances." If, however, it be admitted or conclusively shown that the speed of the train is high and dangerous it is contributory negligence in law to alight therefrom, the danger being obvious to a person of ordinary prudence. *Smith* v. *Southern Railway,* 80 S. C., 1. Under these authorities the matter of contributory negligence was properly submitted to the jury.

The judgment of the Circuit Court is affirmed.