### 8374

### GIBBES v. PLANTERS FERTILIZER AND PHOSPHATE CO.

MASTER AND SERVANT—FELLOW SERVANT.—A servant cannot recover for personal injuries caused by the falling of a pile of bags of fertilizers caused by the bags not being "tied" in piling, the laborer being sent on the pile by a common laborer who was foreman, there being no evidence that he was vice principal or that any representative of the master had ordered the bags "tied" that way or knew they were so piled.

Before ERNEST GARY, J., Charleston, April, 1911, Affirmed.

Action by John Gibbes against Planters Fertilizer and Phosphate Company. Plaintiff appeals.

*Messrs. Logan & Grace,* for appellant, cite: *This case is similar to:* 82 S. C. 224; 66 S. C. 482; 104 S. W. R. 96. *When nonsuits should not be granted:* 78 S. C. 251; 80 S. C. 545; 67 S. C. 129; 86 S. C. 274, 306; 50 S. C. 37; 60 S. C. 18.

*Messrs. Miller, Whaley* and *Bissell,* contra, cite: *There was no negligence in not giving notice to plaintiff of the dangerous condition of the pile:* 22 S. C. 558; 55 S. C. 483; 71 S. C. 53. *The foreman is a fellow servant with plaintiff:* 87 S. C. 449.

November 26, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This is an appeal from an order of nonsuit in an action for damages for personal injuries. Plaintiff alleges that he was ordered to go on top of a pile of bags of fertilizer, and pile other bags thereon; that, while he was doing so, the pile gave way, and he fell from the top of it into the kainit hole—a distance of some twenty-five feet—and some of the bags of fertilizer fell on him and injured him.

The negligence alleged, upon which the action is based, is in ordering plaintiff into a dangerous place to work, made so because the bags in the pile were not "tied;" that is, laid crosswise in alternate layers, but were piled lengthwise on top of each other. The defense was a denial of the negligence alleged and the plea of assumption of risk.

Plaintiff testified that, if the bags in the pile had been "tied," they would not have fallen; that he was sent on the pile by the colored foreman, who was also a common laborer. There was no testimony tending to show that the

foreman was a vice-principal, or that any representative of defendant had ordered the bags piled that way, or knew that they had been piled that way. There was, therefore, no evidence of negligence on the part of the defendant. The case is controlled by the principles announced in *Martin* v. *Royster Guano Co.,* 72 S. C. 237, 51 S. E. 680, and *Brabham* v. *Tel. Co.,* 71 S. C. 53, 50 S. E. 716.

Affirmed.

MR. JUSTICE WATTS *absent.*