8538

BLOUNT v. CHARLESTON & WESTERN CAROLINA RY. CO.

1. MASTER AND SERVANT — RAILROADS — BRAKEMAN — ASSUMPTION OF RISKS—ISSUES.—Whether a step on a caboose that has worn slick by use is a reasonably suitable and safe appliance, and whether a brakeman ordered by the conductor to board the caboose while moving assumed the risk of the smooth step, are for the jury. *Martin v. Royster Guano Co., 72 S. C., 242, explained.*

2. IBID.—NEGLIGENCE—ISSUES.—Whether it is negligence for a brakeman to board a moving freight caboose under order of the conductor is for the jury and depends on the danger attending the obedience of the order.

3. RAILROADS—NEGLIGENCE—ISSUES.—How one boarding a moving car should place his foot on the step, is for the jury.
Mr. JUSTICE WOODS *thinks the Court should not hold that the use of a car step worn smooth by use is evidence of negligence, but this case should be rested on the view whether it was negligence in the conductor to give the order to board or contributory negligence in brakeman in attempting to obey.*

Before PRINCE, J., Edgefield, March term, 1912. Affirmed.

Action by J. C. Blount against Charleston & Western Ry. Co. Defendant appeals.

*Messrs. Sheppard Bros.* and *F. B. Grier,* for appellant. *Mr. Grier* cites: *Not a violation of the master's duty to have a slick step:* 72 S. C. 399; 2 Words and Phrases, 1932; 66 S. C. 257, 534; 21 S. C. 94; 69 S. C. 529; 69 S. C. 480. *Plaintiff's injury due to risks assumed:* 80 S. C. 238; 72 S. C. 242; 65 N. E. 818; 47 N. E. 111; 43 N. E. 94; 36 N. E. 789; 53 N. E. 137; 58 N. E. 180; 38 N. E. 500; 47 S. E. 117.

*Messrs. Thurmond & Nicholson,* contra, cite: *It is duty of master to furnish safe place:* 26 Cyc. 1097; 68 S. C. 55; 69 S. C. 101; 66 S. C. 387, 520; 61 S. C. 468; 52 S. C. 438;

86 S. C. 301. *Knowledge of defect by employee will not defeat recovery:* 68 S. C. 55; 86 S. C. 301, 441. *Duty of flagman to obey:* 84 S. C. 391; 68 S. C. 55; 73 S. C. 502. *Contributory negligence does not apply:* 56 S. C. 91; 84 S. C. 391; 73 S. C. 502. *A slick step is not a safe place:* 90 S. C. 459; 97 App. Div. 43; 81 Pac. R. 977.

April 30, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is an action for personal injury. The plaintiff alleges that he was flagman on a freight train of the defendant. That the train stopped at Lanford, a station on defendant's railroad, and that as the said train started, the conductor of said train gave the defendant an order, when the train was in motion, to board the last car on said train while the train was in motion; that the plaintiff was subject to the orders of the conductor; that the plaintiff met the caboose (the last car) and believing that he could board it safely, endeavored to board it from the right side and caught the grip iron in front of the rear platform of the caboose and placed his left foot on the bottom step of the caboose, but said step was old, badly worn and was very sleek, as defendant then and there well knew, and was defective and insecure for that reason, and the plaintiff's foot slipped off said step and he was thrown to the ground and injured by the train—his leg was broken. Negligence, recklessness and wantonness were alleged on the part of the defendant.

Negligence was alleged (a) in that the plaintiff was ordered to board a moving train, knowing it to be moving; (b) In failing to provide a safe place to work, in that the step was old, worn and very sleek and for that reason defective and unsafe; (c) In failing to stop the train until the plaintiff could board said train. The defendant answered, pleading assumption of risk and contributory negligence.

The defendant made a motion for a nonsuit at the close of the plaintiff's testimony, which was granted as to recklessness and wantonness, but refused as to negligence. The jury found for the plaintiff a verdict for four hundred dollars and judgment was entered upon the verdict. From this judgment the defendant appealed. There are six exceptions, but the appellant states his propositions in succinct form in his argument and we will adopt his statement.

1. "There is no testimony tending to establish actionable negligence as a proximate cause of plaintiff's injury."

To this proposition this Court can not assent. The plaintiff testified that the step was worn sleek and that caused his foot to slip off and that caused the injury. Was the step sleek? If it was sleek was it negligence to have a sleek step? This Court has no jurisdiction to determine these questions. There was testimony from which the jury might find that the step was not safe and suitable and that it was negligence. It is true that there was testimony to the contrary and by a greater number of witnesses. This Court has no jurisdiction to consider the preponderance in this case. The question here is, was there evidence? There was evidence.

Appellant claims, however, that there was no evidence that the step was originally defective, and if it became unsafe in the use the master is not liable, and bases this claim on *Martin* v. *Royster Guano Co.*, 72 S. C. 242; 51 S. E. 680. That case is not so broad as that. In the Martin case the servant was furnished a safe place to work and helped to make an excavation that caved in and injured him. It was the servant's own act that produced the injury. The Martin case is not authority for the proposition that if a master once furnishes a safe place and suitable machinery, he is absolved from further duty to maintain them in safety. It is claimed that inasmuch as the step did not break, the defendant is not liable. The breaking of machinery is not the test of liability. The test is, was the defendant guilty

of negligence in not providing and maintaining a reasonably suitable and safe step.

2. "The testimony shows conclusively that plaintiff's injury was due to one of the ordinary risks incident to his employment, which he assumed on entering the employment."

Not if the defendant was negligent in providing an unsafe step. Appellant thinks that his Honor ought to have charged the jury that there was no negligence in this case arising from the order to board a moving train.

2    His Honor charged the jury that boarding a moving train is not negligence *per se.* "Now, it is my duty to charge you that it is not negligence *per se* for a man to board a moving train. That depends on the apparent and obvious danger, or at least, I should say, I won't put it that way—it depends on the danger of obedience to that order." That was as far as his Honor ought to have gone. In *Creech* v. *Railway,* 66 S. C. 534, 45 S. E. 86, this Court says ordinarily it should be left to the jury to determine whether the passenger's act of alighting or boarding under all circumstances, was negligent." There is no reason why the same rule should not be applied here.

3. "The testimony shows that if there was any negligence as alleged, plaintiff's injury was due to his own contributory negligence as a proximate cause in the manner in which he undertook to board the train."

Appellant says, "if he had put his foot on the step for a sufficient distance and not simply caught on the ball or toe, he would not have slipped." To catch "on the ball or toe" may be the most approved and safest method so far as this Court can know. That was a question for the jury and this ground cannot be sustained.

4. "It was error in his Honor to allow the jury to consider the specifications of negligence contained in subdivisions a. and c. when there was not a particle of testimony tending to support the same."

The Circuit Judge was requested to charge in accordance with this statement, but said, I cannot charge it in those words. His Honor had charged that it was not negligence to board a moving train. That included necessarily whether it was negligence not to stop the train. It was a question of fact whether, under all the circumstances, it was negligence or no, and that question it was proper to send to the jury.

The judgment of this Court is that the judgment appealed from be affirmed.

MR. JUSTICE WOODS. *I concur in the result.*

The fact that the step of a car has been made smooth and slick by use is no evidence that the step was defective. To hold that a railway company must see that its car steps are rough, not smooth, so that the foot of one getting on a car while in motion will not slip, is carrying the law of negligence to a degree of refinement not sanctioned by reason or precedence.

There was evidence, however, that the conductor of the train ordered the plaintiff to board a moving car, and I think it was for the jury to say whether it was negligence on the part of the conductor to give the order, or contributory negligence on the part of the plaintiff to obey it.

On this ground, I concur in affirming the judgment.