### 6857

#### SMITH v. SOUTHERN RY.

1. ADDITIONAL GROUNDS—PRACTICE.—ON APPEAL from an order permitting amendment to complaint after sustaining demurrer, respondent can not procure consideration of error in sustaining demurrer by motion to sustain the order allowing amendment on ground that it was error to sustain demurrer.

2. DEMURRER—RAILROADS—PASSENGERS.—IT IS CONTRIBUTORY NEGLIGENCE to alight from a train moving at a high and dangerous rate of speed. Here demurrer sustained to the complaint on the ground that the allegations show plaintiff was guilty of contributory negligence in alighting from the train.

3. PLEADINGS—AMENDMENT—MOTION TO STRIKE OUT.—An order permitting amendment of complaint as plaintiff *may be advised,* does not permit amendment at plaintiff's will, but such as are permitted by Section 194 of Code of Procedure. Amendments permitted by this section stated. If amendment should not conform to Section 194 defendant's remedy is motion to strike out.

Before GAGE, J., Greenville, June Term, 1907. Affirmed.

Action by C. C. Smith against Southern Railway Company and J. E. Lawson. From order permitting complaint amended after sustaining demurrer, defendants appeal.

*Messrs. Cothran, Dean & Cothran,* for appellants, cite: *Plaintiff was guilty of contributory negligence and demurrer was remedy:* 53 S. C., 203; 58 S. C., 491; 56 S. C., 93; 66 S. C., 534; 69 S. C., 479; 46 S. E. R., 12; 5 A. & E. E. L., 667; 77 S. C., 370. *Amendment should not have been allowed:* 64 S. C., 491; Code of Proc., 194; 28 S. C., 449; 32 S. C., 145; 35 S. C., 366; 49 S. C., 518; 50 S. C., 398; 51 S. C., 169; 58 S. C., 468; 68 S. C., 567; 74 S. C., 242; 75 S. C., 342.

*Messrs. J. J. McSwain, Haynesworth, Patterson & Blythe,* contra. *Mr. McSwain* cites: *Amendment is on same footing as amendment before trial after notice:* 70 S. C., 242; 73 S. C., 368. *Demurrer should not have been sustained:* 72 S. C., 149; 69 S. C., 479. *The amendment was proper:* 70 S. C., 242, 266; 73 S. C., 368; 63 S. C., 311; 74 S. C., 242. *Allowing amendments is discretional:* 58 S. C., 466, 495; 57 S. C., 502.

April 11, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. The complaint was to recover damages of the defendant company and its conductor, Lawson, for personal injuries alleged to have been sustained by plaintiff at Belton, S. C., on December 24, 1905, while attempting to alight from defendant railroad company's moving train after assisting his wife and children on board, as the result of defendant's negligence and wilfulness in, (1) failing to furnish a sufficient number of cars to accommodate the passengers, (2) in failing to assist plaintiff's wife and children to board the train and secure seats for them, (3) in failing to stop at Belton a sufficient length of time to allow plaintiff to assist his wife and children aboard and to allow him to

leave the train in safety, (4) in starting said train suddenly "and the same rapidly attained high speed contrary to law and in violation of the duty owed by defendant to the travelling public and their friends." The complaint alleges further:

"That when said train arrived at Belton aforesaid, plaintiff was compelled to assist his wife and children upon said train by reason of the aforesaid joint and concurrent negligence and recklessness of the defendants. That the plaintiff made a prompt and earnest effort to leave said train, and in getting off, as was plaintiff's right to do, and as defendants were bound to give plaintiff an opportunity to do, and as seemed perfectly safe to the plaintiff at the time, plaintiff was thrown suddenly and violently upon the ground, his feet cast upon the steel rails of the track, and were run over and crushed by the wheels of said train. That the defendants knew, or had reasonable cause to know, that the plaintiff and other members of the public would be compelled to go upon said train to assist members of their families upon the same, and to find a seat therein. That the defendants knew, or had reasonable cause to know, that it would be necessary for the plaintiff and other members of the public thus boarding said train to leave the same and not to continue thereon as passengers. That the defendants knew, or had reasonable cause to know, that by failing to give a sufficient time for such persons as would be compelled to go upon said train, as aforesaid, to alight therefrom and the train attained a dangerous and unlawful rate of speed, that great damage and injury would be sustained. That the defendant, J. E. Lawson, was in charge of said train, and responsible in law and under the rules of the defendant company for the movements of said train, and for the conduct of the crew of said train. That by reason of the joint and concurrent negligence, recklessness and wantonness of the defendants in the manner aforesaid the plaintiff has been damaged in the sum of ten thousand dollars ($10,000)."

The defendants demurred to the complaint on the ground, (1) that no act of negligence charged could have been the proximate cause of the injury, (2) that there was no allegation that defendants knew that plaintiff's purpose of boarding the train was simply to assist his wife and children, (3) that the complaint shows that plaintiff's injuries were due to his own negligence, (4) that the complaint shows that plaintiff's injury was due to his contributory negligence as it appears that the train had attained a high, dangerous and unlawful speed when he alighted from the train and without giving any notice of his desire to do so.

Judge Gage sustained the demurrer as to the cause of action, based upon negligence on the ground that the complaint showed contributory negligence, but refused to sustain the demurrer as to the cause of action based upon wilfulness as contributory negligence could not defeat such action. He made an order to this effect, but granted leave to plaintiff to amend the cause of action based upon negligence "in the manner he may be advised."

The defendant appealed from so much of the order as allows the amendment and the plaintiff, while not appealing from so much of the order as sustains the demurrer, moves to sustain the order allowing the amendment on the ground that it was error to sustain the demurrer.

We do not consider that any question as to the propriety of sustaining the demurrer is properly before the Court as neither party has appealed from that portion of the order. but if we should waive this and consider the demurrer we are of the opinion that the Circuit Court was correct in sustaining it. Where the complaint on its face shows facts from which contributory negligence must necessarily be inferred it is demurrable. It is otherwise if the facts stated may support an inference to the contrary. *Jarrell* v. *Ry. Co.*, 58 S. C., 491, 36 S. E., 910; *Elkins* v. *R. R. Co.*, 64 S. C., 563, 45 S. E., 19; *Cooper* v. *A. C. L. R. R. Co.*, 69 S. C., 479, 48 S. E., 458.

In this case, according to the allegations of the complaint, the train was moving at a high, dangerous and unlawful rate of speed. The danger of alighting under such circumstances must of necessity have been obvious to any person of ordinary prudence. The conduct of a person of ordinary sense and prudence is the standard required by the law. Hence, if the circumstances are such as to make the danger of alighting obvious to a person of ordinary prudence and sense, it is negligence to alight. *Cooper* v. *Ry. Co.,* 56 S. C., 91, 34 S. E., 16.

It is immaterial that the complaint also alleged that to alight from a train moving at a high and dangerous rate of speed "seemed perfectly safe to the plaintiff at the time." The standard is not what a daring, or reckless, or foolhardy person might think it safe to do under the circumstances, but what, as a prudent man, he should have done. He might have called the attention of the conductor to his situation and requested that the train be stopped, or that failing, he might have gone to the next station and returned on the next train. The complaint stated no situation which brought about a real or apparent necessity to alight under the circumstances.

In *Cooper* v. *Ry. Co.,* 56 S. C., 91, 34 S. E., 16, it appeared that the train had slowed down as if to stop and then began to go faster and in this situation plaintiff alighted on the invitation of the conductor. This was held not to necessarily show contributory negligence, as it did not appear that the speed of the train was obviously dangerous. A similar ruling was made in *Creech* v. *Ry. Co.,* 66 S. C., 534, 45 S. E., 86, as applied to a train moving at the rate of three or four miles an hour, a speed not greater than an active man can walk. So in *Cooper* v. *Ry.,* 69 S. C., 480, 48 S. E., 458, it did not appear that the train was moving at a high speed and plaintiff alighted immediately after the starting of the train, on the invitation of the conductor. The foregoing and like cases afford no authority for holding in this case that it is not contributory negligence as matter of

law to alight from a train moving at a high and dangerous rate of speed.

Was it proper to allow plaintiff to amend the complaint as to the cause of action based upon negligence as he may be advised?

The nature of the amendments which the Circuit Court has power to grant is limited by the terms of Section 194 to amendments, (1) which add or strike out the name of a party, (2) which correct a mistake, (3) which insert other allegations material to the case, (4) which conform the pleadings or proceedings to the facts proved when the amendment does not change substantially the claim or defense. Therefore, the proper construction of the order is not to grant plaintiff the right to amend *ad libitum,* but the right to amend as he may be advised within the limitations imposed by Section 194. At this stage of proceedings, it not appearing what amendments may be proposed, we are not in a position to say whether the amendment to be proposed is within the power of this Court to grant. We must assume that plaintiff will not propose an amendment not authorized by Section 194. Should he do so defendant's remedy would be a motion to strike from the complaint such matter as is not authorized by said section. Whether the plaintiff may amend by inserting a new and distinct cause of action for negligence, or whether plaintiff, by way of amendment, may strike out of the complaint all the facts alleged showing contributory negligence after demurrer sustained, are questions which do not arise now. Section 194 undoubtedly gives very large power of amendment and the exercise of this power in the furtherance of justice, within the limits of said seciton, will not ordinarily be disturbed.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.