## 8106

### DOBSON v. RECEIVERS OF S. A. L. RY.

1. CARRIER—PASSENGER—CONTRIBUTORY NEGLIGENCE.—From evidence tending to show a passenger got off a train which she says was running so fast as to make it dangerous to alight, at the invitation of the carrier's agent, the evidence as to the speed of the train being conflicting, the Court cannot infer only that she was guilty of contributory negligence, and if she was invited by the carrier's agent to alight when the train was running at a dangerously rapid speed, the carrier is guilty of wilfulness and contributory negligence cannot be set up as a defense.

2. IBID.—IBID.—IBID.—The Court cannot lay it down as a universal rule applicable under all circumstances that a passenger who fails to alight with reasonable promptness when the train reaches his destination and stops long enough, is guilty of negligence.

3. IBID.—IBID.—The Court in refusing a request that the standard of due care by a passenger in alighting from a train is the conduct of an ordinarily prudent, careful and sensible person under the circumstances, momentarily confused the principles of the duty of the carrier to the passenger and those of the passenger for his own protection in holding that Smith's case (80 S. C. 4) did not apply.

4. IBID.—IBID.—If a passenger alight from a train running so fast that a person of. ordinary prudence, carefulness and sense would not alight, he is guilty of negligence.

5. INSTRUCTIONS not strictly relevant cannot be made ground of reversal, unless it is made to appear that they were prejudicial.

6. CHARGE—NEGLIGENCE.—The Judge should not state what facts, series of facts or combination of facts constitute contributory negligence.

7. CARRIER—PASSENGER—NEGLIGENCE.—Where a passenger alights from a moving train upon command of carrier's agent under circumstances which do not expose him to a known danger, which a prudent man would not incur, he would not be guilty of contributory negligence.

Before MEMMINGER, J., Barnwell, December, 1910.

Action by Julia Dobson and Joe Dobson against E. C. Duncan, R. Lancaster Williams and S. Davies Warfield, as receivers of the Seaboard Air Line Railway. Defendants appeal.

*Messrs. Lyles & Lyles* and *Wyman & Wyman,* for appellants.

*Messrs. Lyles & Lyles* cite: *It is negligence to alight from a train in rapid motion:* 82 S. C., 314. *Passenger is under ordinary care to prevent injury to himself:* 41 S. C. 415; 58 S. C. 491; 72 S. C. 336; 8 S. C. 100; 46 S. C. 302; 56 S. C. 91; 80 S. C. 4; 82 S. C. 311; 15 S. C. 443; 20 S. C. 258; 63 S. C. 494; 84 S. C. 568; 20 S. C. 219; 5 At. 855. *Judge may instruct jury as to legal duties of parties:* 41 S. C. 440; 74 S. C. 300; 75 S. C. 150; 81 S. C. 100. *Court should define negligence:* 29 S. C. 303; 29 S. C. 381; 41 S. C. 1; 57 S. C. 453; 72 S. C. 274; 73 S. C. 268. *Only issues alleged should be submitted:* 45 S. C. 278; 55 S. C. 483; 76 S. C. 557; 15 S. C. 93; 62 S. C. 1; 66 S. C. 246, 18; 67 S. C. 136; 74 S. C. 102; 80 S. C. 407.

*Messrs. Harley & Best,* contra, cite: *Nonsuit properly refused:* 60 S. C. 56; 61 S. C. 345.

February 29, 1912. The opinion of the Court was delivered by

Mr. Justice Hydrick. Respondent recovered judgment on circuit for damages for personal injury sustained while alighting from a moving train. Her testimony tended to show that she bought a ticket at Olar, a station on defendant's road, and got aboard the train as a passenger to Ulmers, another station on the same road; that the train did not stop at Ulmers long enough for her to get off; that after the train had started, and while it was moving pretty fast, the train porter urged her to get off; that he kept saying to her "get off," "get off;" that, in obedience to his orders, she attempted to get off and was thrown, or fell, and sustained a painful and permanent injury to her ankle joint.

At the close of plaintiff's testimony, defendants moved for a nonsuit on the ground that the only reasonable inference to be drawn from the testimony was that plaintiff was guilty of contributory negligence in attempting to alight under the circumstances. The motion was refused, and, at the close of all the testimony, defendants moved for the direction of the verdict—the motion being made in the form of requests to charge that plaintiff could not recover because of her contributory negligence, as in the motion for nonsuit; that there was no evidence upon which punitive damages could be awarded; that there was no evidence that plaintiff had paid her fare, and, therefore, no evidence that she was a passenger; hence, she was only a licensee, and there was no evidence of any breach of duty to her. These requests were refused.

In *Cooper* v. *Ry.,* 56 S. C. 91, the Court said: "A railroad company is in duty bound to stop its train at the

station to which it has agreed to carry a passenger, and give reasonable time and opportunity for a safe landing. It is also a breach of the carrier's duty to expressly or impliedly invite a passenger to alight from a moving train. But the circumstances, as the slow motion of the train, the distance from the platform step to the landing, the smoothness of the landing place, etc., may be such as to justify a person of ordinary prudence and senses in acting on such invitation and alighting from a moving train. The complaint does not show that the train was moving so fast as to make it obviously dangerous to alight. The authorities show that it is not negligence *per se,* or as a matter of law, for a passenger to alight from a moving train on the invitation of the carrier's agent, unless the circumstances are such as to make the danger of alighting obvious to a person of ordinary prudence and senses." This rule was adhered to and applied in *Cooper* v. *Ry.,* 61 S. C. 345, 39 S. E. 543; *Doolittle* v. *Ry.,* 62 S. C. 130, 40 S. E. 133; *Creech* v. *Ry.,* 66 S. C. 528, 45 S. E. 86; *Cooper* v. *A. C. L. R. Co.,* 69 S. C. 479, 48 S. E. 458; *Gyles* v. *Ry.,* 79 S. C. 176, 60 S. E. 433; *Smith* v. *Ry.,* 80 S. C. 1, 61 S. E. 205; *Sevier* v. *Ry.,* 82 S. C. 311, 64 S. E. 390; *Stephens* v. *Ry.,* 82 S. C. 542, 64 S. E. 601.

There was conflict in the evidence as to the speed of the train at the time plaintiff got off. Some of the witnesses said it was going "pretty fast," and that they would not have attempted to get off. On cross-examination, the plaintiff, herself, said it was going "fast;" that she had never seen a woman try to get off a train going that fast, and that she thought it was dangerous, but that she was in the company's hands, and thought she had to get off, when they told her to do so. The train porter testified that, when plaintiff got off, the train had gone only about a car length, and the conductor said it had gone about a car and a half, and both said they got on about the time plaintiff got off. Notwithstanding plaintiff's own testi-

mony, that the train was going fast and that she thought
it was dangerous to attempt to alight, when she did, in
view of all the testimony as to the speed of the train at the
time, and of the testimony that plaintiff was being urged,
if not positively ordered, to get off by the porter, the Court
could not have said that the only reasonable inference to
be drawn from the testimony was that it was obviously
dangerous to a person of ordinary prudence and senses to
attempt to alight under the circumstances, and, therefore,
that plaintiff was guilty of contributory negligence.   The
plaintiff's own testimony, that she thought it was danger-
ous, was not conclusive of the question whether it would
have so appeared to a person of ordinary prudence and
senses.   She may have been overly cautious and timid.
The standard fixed by the law for the guidance of the
courts in considering the conduct of one who is charged
with negligence is the conduct of a person of ordinary pru-
dence and senses, under the given circumstances; and it is
immaterial whether the party, whose conduct is under con-
sideration, be exceedingly careful or exceedingly careless,
his conduct must be tested by the same standard.   *Smith* v.
*Ry.*, 80 S. C. 1, 61 S. E. 205.

Moreover, if the train did not stop long enough for the
plaintiff to get off, and if she was ordered by the train
porter to get off while the train was going at such a rate
of speed as made it obviously dangerous for her to do so,
which were questions of fact for the jury, a case for puni-
tive damages was made out, to which plaintiff's contribu-
tory negligence, if proved, was no defense.   For, if the
facts stated were true, they tended to show a reckless dis-
regard of plaintiff's rights as a passenger.   The ground
that there was no evidence that plaintiff was entitled to the
rights of a passenger was evidently taken under a misappre-
hension of the testimony.

Defendants' fifth and sixth requests to charge were as
follows:

5. "A passenger is under a duty to alight with reasonable promptness, when the train reaches his or her destination, and a failure to do so constitutes negligence on his or her part, and if such negligence contributes to his or her injury as a proximate cause, without which it would not have occurred, then he or she cannot recover therefor from the carrier."

6. "A passenger is under a duty to use due care to alight from a train in the usual, ordinary and safe manner. and if he or she fails to do so, it constitutes negligence on his or her part, and if such negligence contributes to his or her injury as a proximate cause, without which it would not have occurred, then he or she cannot recover therefor from the carrier."

In disposing of these requests, his Honor said of the fifth: "The fifth I cannot charge, because it is a point blank statement of what constitutes negligence, and the law is that negligence is a mixed question of law and fact. So, I cannot charge that in the shape in which it is." As to the sixth, he said: "The sixth, of course, I have to refuse for the same reason. That is stating to you what set of facts would constitute negligence, and that is for you."

We think these requests were properly refused for the reasons stated by the Circuit Judge. Under ordinary circumstances, a passenger ought to alight with reasonable promptness, when the train arrives at his destination, *provided*, it stops long enough for him to do so with safety. The fifth request was faulty at least in omitting the proviso which we have added, which was a vital issue in the case. Moreover, the Court could not lay it down as a universal rule, applicable under all circumstances, that a passenger who fails to alight with reasonable promptness, when the train reaches his destination, is guilty of negligence. Such a storm may be raging that a passenger could not leave the train promptly, except at the peril of his life. The sixth request as clearly involves the issuable fact, whether it was

negligence for plaintiff to alight from the moving train. The Court was asked to charge that a passenger who does not alight in the "usual, ordinary and safe manner" is guilty of negligence. That would be equivalent to saying that one who alights from a moving train is guilty of negligence, which we have seen is not the law; because the "usual, ordinary and safe manner" is to alight when the train is at a standstill. The substance of these propositions, in so far as they did not involve the facts, was given to the jury in the general charge, and plaintiff was not prejudiced by their refusal.

The defendants' seventh request was as follows: "In determining whether the plaintiff has used due care, the standard for the jury is the conduct of an ordinarily prudent, careful and sensible person, under the circumstances in question. If the jury concludes that the plaintiff has not exercised the care that an ordinarily prudent, careful and sensible person would have exercised for her own protection under similar circumstances, then they must find that plaintiff has been guilty of negligence, irrespective of the particular intelligence, knowledge or prudence of the plaintiff whose conduct is brought into question." In refusing this request, his Honor said: "Now that statement of the law, gentlemen, was referred to here during the trial, as taken from one of the law books, and is a direct citation from *Smith* v. *Railroad Company,* but I cannot charge you that as law in this case. It struck me as a remarkable proposition in this case. That is a case where a man went down with his family to see them off on a train, and he was on board the train, seeing them off, and the law is that people have a right to do that, to go down with their families and see them off upon the train, and that they are not trespassers upon the train, but they are licensees. In that case the train started off, the man stayed too long on the train, and he deliberately rushed off the train and injured himself, and brought forth these proposi-

tions, which is correct law in that case. In that case he was only a licensee on the car, with the permission of the railroad, and to him the railroad only owed ordinary care; whereas, with a passenger the railroad owes a higher degree of care with reference to his transportation and alighting than it does to a licensee. So, you see, there is where the difference comes in. I cannot charge you that proposition as applicable to a passenger—that is, if you find that she was a passenger, the plaintiff was a passenger."

From a careful consideration of his remarks, it is apparent that the learned Judge was momentarily confused as to the difference in the degree of care due *to* a passenger and that due *by* a passenger for his own protection. The request stated a correct proposition and should have been charged. As the jury were given in the general charge substantially the same proposition as that contained in the request, we would be inclined to hold that the refusal of the request was harmless error, but for the remarks of the Court in refusing it, wherein the jury were explicitly and emphatically told that the proposition contained in the request was not sound law as applied to a passenger. Under the circumstances, we cannot safely say that the defendants were not prejudiced by the refusal of the request.

The eighth request to charge was as follows: "If the jury find that the plaintiff attempted to alight from the train when the same was moving at such a rapid rate of speed as to make the danger of alighting therefrom obvious to an ordinarily prudent, careful and sensible person, and shall further find that she was not compelled to do so by the agent of defendant, but did so of her own free will and initiative, then they must find that she was guilty of negligence, and if this contributed to her injury as a proximate cause thereof, without which it would not have occurred, then she cannot recover." The

Circuit Judge refused this request on the ground that it was a charge upon the facts. The Court evidently overlooked the fact that the request was predicated upon the action of "an ordinarily prudent, careful and sensible person," whose conduct is the standard fixed by the law with which the conduct of all others must be compared in determining whether they are guilty of negligence. This request contained a correct statement of law and should have been charged.

The tenth exception covers two pages of the "Case," and contains a long extract from the charge, wherein the jury were instructed as to the duty of a carrier to a passenger who asks for or apparently needs assistance in getting on or off the train. The ground of the exception is that this part of the charge was misleading and confusing, because it was inapplicable to the case, as made by the pleadings and evidence. It is true that the portion of the charge quoted in the exception is not strictly relevant. But digressions of this sort cannot be made ground of reversal, unless it is made to appear that they were prejudicial, and it does not so appear in this case.

The eleventh exception complains of the following charge: "If it should appear that a passenger was on a train, having a ticket for a certain point, which the conductor had taken up, and it should appear to that officer that that party did not know that he or she had gotten to the station, or was not in such a condition apparently as to realize that the time had come and she must get off the train, and then the passenger should rush forward, under orders to get off the train, as charged in this complaint, and she was then rushed to the front of the train by the officers in charge, or porter in charge, charged with the duty of assisting passengers to alight, and then the train was moving, and although the train was moving at a rate of speed which was obviously dangerous for a person to deliberately undertake to jump off, but

acting under the impulse and being driven to the steps, and being brought into that position of peril by the negligence of the railroad officers, and then and there made a mistake of judgment and fell off the train, it would be for the jury to say whether or not that was not a breach of duty of the railroad officials in the exercise of the highest degree of care, the high degree of care due a passenger, in putting that person in that position, whereby an error of judgment, at the last moment, having been put in that position by the orders of the officials of the railroad company, that could not be held as contributory negligence on the part of the person to defeat her rights."

We think his Honor invaded the province of the jury and charged upon the facts, when he told them that, under the facts and circumstances narrated in the first part of the remarks quoted, *"that could not be held as contributory negligence on the part of the person to defeat her rights."* If the Court cannot declare what facts, series of facts, or combination of facts, constitute negligence, and we have seen that it cannot, except where only one inference is deducible from them, neither can it declare what facts, series of facts, or combination of facts, constitute contributory negligence, unless they are susceptible of only one reasonable inference. Precisely the same rules and tests must be applied in determining whether a plaintiff is guilty of contributory negligence as in deciding whether a defendant is guilty of negligence.

The rule by which the conduct of a passenger is tested, who is injured on account of obedience to the orders of a conductor, or other employee of the carrier, acting within the scope of his authority, is very much the same as that by which a servant's conduct is to be tested who is injured while obeying the orders of his master. In *Stephens* v. *Ry.*, 82 S. C. 549, 64 S. E. 601, the servant's rule is thus stated: "To show contributory negligence, it is

not sufficient that the employee receiving the order should have misgivings, and believe the act required to be hazardous; unless the danger is so imminent and obvious that a man of ordinary prudence would not incur it. If there is ground for reasonable difference of opinion as to the danger, the servant is not bound to set up his judgment against that of his superior, whose orders he is required to obey, but he may rely on the judgment of such superior. The matter is thus well stated by Mr. Justice Holmes in *McKee* v. *Tourtelotte,* 167 Mass. 68, 44 N. E. 1071, 1072: 'When we say that a man appreciates a danger, we mean that he forms a judgment as to the future, and that his judgment is right. But if against this judgment is set the judgment of a superior, one to whom from the nature of the callings of the two men and of the superior's duty seems likely to make the more accurate forecast, and if to this is added a command to go on with the work and to run the risk, it becomes a complex question of the particular circumstances, whether the inferior is not justified as a prudent man in surrendering his own opinion and obeying the command. The nature and degree of the danger, the extent of plaintiff's appreciation of it, and the exigency of the work, all enter into consideration, and no universal rule can be laid down.' The numerous authorities sustaining this statement of the law are collated in the note in *Houston etc. Ry. Co.* v. *DeWalt,* 97 Am. St. 877."

The rule applicable to a passenger is thus stated in 5 A. & E. Enc. L. (2 ed.), page 648: "Where a passenger acts in conformity to a permission or direction given by a conductor or other agent of the carrier, acting within the scope of his authority, and such conduct on his part will not expose him to a known or apparent danger which a prudent man would not incur, he will not be guilty of contributory negligence, although his conduct may result in bringing injury upon him."

We think the Court erred in taking from the jury the question whether plaintiff was guilty of contributory negligence in alighting under the circumstances.

Judgment reversed.

*The* CHIEF JUSTICE *and* MR. JUSTICE WOODS *participated in this opinion and concur.*