8792

SETTLEMEYER v. SOUTHERN RY.—CAROLINA DIVISION.

(81 S. E. 465.)

APPEAL. CASE. NUISANCE. WILFULNESS. EVIDENCE. CONTRIBUTORY NEGLIGENCE.

1. Case on appeal should not include testimony irrelevant to questions raised by exceptions.

2. A charge, that unless the jury found that a pile of shingles and coal, alleged to be a nuisance endangering travel on a public way,

7—97

was placed or permitted to remain upon defendant's premises, and under its control, it could not obtain as an element of negligence against it, *held,* not liable to construction that the defendant would be liable if such pile were upon its premises, without reference to negligence and proximate cause; as the jury was also instructed that the defendant would only be liable for damages occasioned by the pile of shingles and coal, if they were negligently placed or left at the locus, and were a proximate cause of the injury.

3. Wilfulness is a conscious realization of wrongdoing. Charge not objectionable as justifying the belief by the jury that the same evidence warranted a finding of both negligence and wilfulness.

4. Charge on a hypothetical statement of facts not error; where the jury were instructed that the law so given was not applicable unless they found the facts to exist.

5. A railroad company negligently leaving a car loaded with wild animals, in close proximity to a public highway where it would be apt to frighten animals passing upon the highway is liable for a nuisance at common law. Code of Laws, sec. 1947, does not apply unless the notice to move the car required by the statute has been given.

6. Whether a way exists, and whether or not it is public, are questions of fact for a jury under proper instructions.

7. An irrelevant charge, being harmless, cannot be the basis of an exception.

8. Testimony that other horses were frightened by the same object under like circumstances, as alleged in the testimony with reference to the horse in question, was relevant to the issue, was the object one apt to frighten ordinary horses.

9. It is competent on cross-examination of a medical expert to inquire what symptoms following a blow upon the head would, or would not, indicate a fracture of the skull.

10. *Held,* error to instruct jury that if plaintiff was negligent, but his negligence arose by reason of the defendant negligently placing him in an extremity of danger, then plaintiff's negligence, under such circumstances, would not be contributory negligence. The jury should have inquired whether there was an extremity of danger, and whether plaintiff acted thereunder as a reasonably prudent man would have acted in the same exigency.

Before Memminger, J., Gaffney, March, 1913 Reversed and new trial ordered.

Second appeal in action by W. L. Settlemeyer against Southern Railway—Carolina Division. The former appeal is reported in 91 S. C. 147, 74 S. E. 137. This appeal is

by defendant from a judgment in favor of plaintiff.    The charge of the trial Judge was as follows:

Now, Mr. Foreman, and gentlemen of the jury, you gentlemen have heard all of the evidence in this case, and you have had the benefit of the arguments of the lawyers covering a period of three hours this morning, and now it will be for you gentlemen as the jury to decide this case upon the facts under the rules of law which it is the duty of the Judge to state to you.

Now, you have heard it constantly stated and you understand that this case has been in a certain form before the Supreme Court of our State once already, and we have had opinion of our Supreme Court in this particular case, reported in the 91st volume of our State Reports, on June 5th, 1912, at page 147, in which report there are three separate opinions written by the learned Judges of the Supreme Court, and therefore the law of this case has been very much discussed and written about in our State Reports, and the case has been very much discussed upon the law, and is known to the bench and the bar of the State generally under that report as the jack rabbit case.    So you, gentlemen of this jury, however, will be the first jury to actually pass upon the facts of the case, because when it was tried before, under the pleadings as they were then, and the evidence as it was, the Judge, Judge Aldrich, now dead, directed a verdict in favor of the railroad company —didn't leave it to the jury at all.    And now the majority of the Justices of the Supreme Court have decided that he was wrong in that particular; that there were certain issues that should have been submitted to the jury for them to decide, and there have been certain amendments in the pleadings on the part of the plaintiff and the defendant which present for you the controversy as you now have it before you, entirely for you to decide the facts; and it is for me, the Judge, now to charge you the law as best I can understand it from the principles as laid down in this case

and other general principles pertaining to the controversy in question.

Now, you will observe, gentlemen, that the case which Mr. Settlemeyer claims whereby he is entitled to recover damages against the railroad is based upon certain charges which he makes against them as negligence on their part. Now, the mere fact that Dr. Settlemeyer was injured is not sufficient upon which he can base a recovery, even although he was injured by the railroad company. The question is whether his injuries were brought about by any act on the part of the railroad company which you would denominate a negligent act; and, furthermore, some negligent act which he himself specifies and charges in his complaint; because, while if he should prove a great number of negligent acts, yet if it wasn't one of those which he charged, he would not be able to get damages consequent upon an injury caused by that negligent act which he did not charge. So the question that you want to first understand is, what does he charge against the railroad company, and what is negligence? Now, negligence is defined in the law to be the failure to exercise due care under all the facts and circumstances of the case; it is doing something which a reasonably prudent person would not have done, or failing to do something which a reasonably prudent person would have done. The law adopts the rule of reason as applied to persons, and only requires them to do that which is reasonable, and it says that if they exercise due care that that is all the law requires of them. If they fail to exercise due care under all the facts and circumstances of the case, the law denominates that negligence.

Now, what does Dr. Settlemeyer charge against this railroad? He has four different specifications. He charges that they wilfully and negligently left standing across the highway a freight car which contained or had contained wild animals, and which rendered the public highway offensive by reason of the odors eminating from said car.

Now, see, that is one of his specifications—freight car standing across a highway and giving forth odors. Then, the second one, that the defendant had wilfully and negligently placed and permitted to remain on its platform a cage or box of wild jack rabbits in a few feet of the public highway, which contributed to the odor of the premises, and making a noise from time to time by fluttering. That is another one of his specifications. Then, the third, that it had wilfully and negligently failed to dig down the bank and cut on the side of the public highway and keep the same in reasonably safe condition. Now, while I am on that point, gentlemen, I will charge you that so far as the bank or cut is concerned—charged against them as being negligence—there is no evidence in this case whatever that the bank or cut complained of was upon the right of way or under the control of the railroad company. There is no evidence here whatever that that cut, bank, was on this railroad's property; consequently nothing to show that they could have cut down the bank if they had desired to do so; so that their failure to do that, if they did so fail, cannot be considered by you as any offense against the railroad company, even if you should find that there was an unreasonable bank there that had anything to do with Dr. Settlemeyer getting injured. So you might as well eliminate that from your consideration of the case as an element of negligence.

The other one is that the defendant had negligently and wilfully placed and permitted to remain piles of shingles and coal on its premises in such a way as to partially block the public highway and prevent a safe passage where plaintiff had to pass.

Now, unless you decide from the evidence upon that point that the alleged pile of shingles and coal was upon the premises or right of way of the railroad company, and therefore under their control, that could not obtain as an element of negligence as against them, even though that

contributed in any way to bring about Dr. Settlemeyer's injury; because they are only responsible for that which is upon their premises, their right of way, and not for what might have been placed upon their premises by other persons. That is a question for you; whether or not there was such stuff on their premises. If you find that it was not on their premises, of course, it could have nothing to do with the case. If you find that it was, then it would be one of the questions for you as to whether or not that was any one of the causes contributing in any way to bring about Dr. Settlemeyer's injury.

Now, that is what he charges against them, gentlemen, and he charges and claims that by reason of some one or more or all of those causes that his horse was caused to be frightened and to run away and become unmanageable and to throw him out and injure him.

He claims not only that those acts were negligent on the part of the railroad—that is, failure to exercise due care, as I stated to you—but a step further, he claims that they were wilfully, wantonly and recklessly done by the railroad company; that not only did they fail to exercise due care, but they consciously, realizing and knowing that they were doing wrong, they nevertheless went ahead and did those things or failed to do those things which he claims they should have done. So that he claims, not only that he is entitled to actual damages by reason of negligence, but he claims that he is entitled to punitive damages by reason of wilfulness, wantonness and recklessness, charged in his complaint. Now, unless his injury, gentlemen—and there is no dispute but that he was injured—was brought about as a proximate result of some one or more or all of those things charged on that point, of course, his case ceases and he is not entitled to recover any damages. And, furthermore, unless you are satisfied by the greater weight of the evidence throughout that there was negligence on the part of the railroad in any one or more or all of those things

bringing about his injury as a proximate result thereof, his case fails, because he has got to come into Court and satisfy you by the greater weight of the evidence that the railroad company has been guilty of negligence—of some one of those things charged, or all of them—in order to be entitled to a verdict.

Then, you come to the question of what the railroad company comes in and says as against those charges. The railroad comes in—known as the defendant—puts in an answer. Now, it in that answer denies all negligence on its part, claims that it was not guilty of any failure to exercise due care in any of the particulars charged, or that Dr. Settlemeyer was injured as a consequence proximately of any of those things. The defendant goes on and claims, furthermore, as it has a right to do under the law, without admitting any negligence on its part, that even if you gentlemen do find that it was negligent, that Dr. Settlemeyer could not recover under the law, because he himself was also negligent, and that his negligence contributed to his injury as a proximate cause thereof.

Now, you have heard that answer read, which sets out the particulars wherein they claim that he was negligent; that he undertook to drive a horse which was not of a reasonably gentle and manageable nature, when not in a fit condition to so drive it, and without taking sufficient care when the horse became alarmed to take any precaution whatever to escape the danger, if any there was; the horse becoming unmanageable; that he struck the horse and caused it to run wildly away and come in contact with the bank and throw him out and injure him, and states that he then well knew that his horse was not of such a reasonably gentle nature, but knew that it was easily excitable, and he should have taken proper steps to manage his horse —that that was the failure to exercise due care on his part; because the law requires that corresponding duty on the part of a person seeking to recover damages as it does

of the person against whom the damages are sought, to exercise due care, and if the greater weight of evidence shows that he has failed, the burden of proof being as to that upon the railroad company here that charges it, to show it by the greater weight of the evidence. If he has failed in those particulars to exercise due care—you are the judges of what that shall be under the facts and circumstances of each case—and his failure to exercise due care contributing to his injury, as a proximate cause of it in any degree, then, under our law, he is not entitled to recover any damages. The law simply says that it leaves the parties where it finds them; that the idea is that it sets a premium on carelessness for a man to get damages where he himself has been careless and negligent, and his carelessness and negligence contributing in any degree as a proximate cause of his injury. So, if that be shown, even though negligence be proved against the railroad, the plaintiff, Dr. Settlemeyer, in this case would not be entitled to recover damages. The definition of contributory negligence being "the want of ordinary care of a person injured by the actionable negligence of another, combining and concurring with that negligence and contributing to the injury as a proximate cause thereof without which the injury would not have occurred."

But bear in mind, gentlemen, that doctrine of contributory negligence, defeating recovery, is no defense as against wilful, wanton or reckless negligence. In other words, if you decide that there is wilful, wanton and reckless conduct on the part of the railroad company proved in this case, as it is charged here, why then, even although you decide that Dr. Settlemeyer was guilty of contributory negligence, such as he is charged with in the answer, that would not defeat his recovery. You can readily see that that is sound reason. The fact that a man is negligent—suppose a man placed himself on a railroad track where he had no right to be, then a trespasser, that would not justify the engineer

on the railroad of deliberately running over him just because he was negligent in being at a wrong place. And so the law says if there was wilful, reckless and wanton conduct on the part of the railroad that does not defeat the man's recovery, even though he were guilty of contributory negligence. But it does defeat the recovery if the acts charged against the railroad company are negligent—that is, failure to exercise due care, and not wilful, wanton or reckless—a conscious failure to perform a manifest duty—or such utter recklessness as a man of reasonable mind would conclude that the railroad company acted in such disregard of law—that is wilful, reckless and wanton negligence, against which contributory negligence is no defense.

To come in detail to the particular points of this case. Under the statute law of this State a railroad company has no right to leave its cars across a public highway for a period of more than five minutes, and if it receive notice to move the car after it has been across the highway for a greater length of time than that, and it fails to do so, and injury results to some one as a proximate result of the car being thus in violation of the statute law across the highway, then the law says that is deemed to be negligence on the part of the railroad company itself; and that presumption of negligence goes throughout the whole case, and the burden is upon the railroad to show that it was not negligent. It raises a presumption of negligence or says that it is negligence of itself for it to have its car so placed, and a person who receives injury by reason of the car being so placed, as a proximate result of it, has that in his favor throughout the inquiry—that they are negligent by reason of having violated the statutory law. Now, however, that, of course, does not apply, you cannot hold it to be negligence and as a violation of the statute unless notice was given to the railroad, as you heard read from the

statute there, and which it is useless for me to read to you again.

But, however, and it is also charged in this case, not only that this railroad had its car across this alleged highway in violation of the statute, or in violation of law, but it is also charged that it was negligence on their part, regardless of the statute, to have its car there or even so near across it as to cause animals, horses, to be frightened by reason of the alleged noxious odor of the car and the smell of wild animals kept therein.

Now, under the law, gentlemen, it would be for the jury to say whether or not it was negligence on the part of the railroad company to have its car placed across, obstructing a public highway, or so near it as to endanger safety to those traveling the public highway—having a right to travel that highway.

Now, a question is made here as to whether this was a highway or not. That is for the jury to decide from the evidence. Unless you decide that it was a public highway, then this law that I have stated to you would have no application—that being only as to highways. But it would be for you gentlemen to say whether that road is such a one as the public generally had been accustomed to use for a period of more than thirty years without permission from any one—using it as a matter of right. If so, the right of the public would have become established therein, and it would be such a public highway—otherwise not.

So then, gentlemen, it is for you to say, from all the facts and circumstances, does the evidence show by the greater weight or preponderance of it that it was a want of due care on the part of the railroad company to have the car placed as it was placed.

There is some argument about the color of the car. There is no claim as to that. The charge is as to the odors of the car and its position with reference to the highway. If you decide that it was want of due care to so

place its car, your last question would be, did Dr. Settlemeyer's injury come about as a proximate result of that, or was it a proximate result of any of the alleged things charged against this railroad company as by which he claims he was injured, that his horse was frightened, that it ran away, threw him out and caused, as he claims, by these alleged acts on the part of the railroad company.

The jury have to take those matters and decide them for themselves in each case. They set the standard of what people must do in the exercise of due and ordinary care. The Court can only tell you what the standard is: that it is due care which is required. A person might bring a suit against a railroad company for leaving a car anywhere, and the question would be for the jury whether in the exercise of due care it was negligence for the railroad company to leave the car there. If the jury say it was negligence, then the railroad would be responsible. Otherwise it would not.

Now, those are the general principles, gentlemen, to be applied to this inquiry.

The charge is made, gentlemen, that the road was obstructed. Now, I charge you along that line that obstruction means something which reasonably materially affects the passage of the road. The law does not regard mere trifles, and if there be such a slight projection of something into a public highway as would not materially affect it—the passage of it—by persons making a reasonable use of it, notwithstanding the slight obstruction, that would not be denominated under the law what is known as an obstruction. An obstruction being, of course, for the jury to decide in each particular case; something which materially affects the passage of the road; more than a mere trifling thing not materially affecting the passage.

Now, then, gentlemen, that covers the principles generally, and you come to this question, though, arising upon the question of contributory negligence; that if you decide

that the railroad company was negligent in any of the particulars charged, or one of them—with the modifications that I have given you—that Dr. Settlemeyer was negligent in the management of his horse, but that his negligence arose by reason of being put in the extremity of danger by reason of the negligence of the railroad, you could not hold that against him as contributory negligence. That would be in the law what is known as an error in the extremity of the situation; where a person or a railroad brings you into a position of peril by reason of negligence, and you there in that extremity take a wrong course, take one that perhaps produces a disastrous result, whereas you might have selected one that does not, the law would not hold that as contributory negligence against you, because the law says having made that mistake in the extremity to which you have been reduced by reason of the negligence of the other person, that that could not be held as contributory negligence against you.

Now, on the question of damages: If you decide in favor of the plaintiff, Dr. Settlemeyer, for actual damages, then your inquiry would be confined to giving him such amount as would actually compensate him for the injuries received. You taking into consideration there, the law says, such things as pain and suffering, and such as loss of earning capacity in the past, and as to future damages if the injury be permanent. Those must be confined only to such as is reasonably certain will of necessity result in future from the injury; the idea being simply to compensate the party for the injuries received; such damages as those as I have stated to you; actual damages are those which flow from negligence—mere negligence. Now, then, if you go a step further and find, not only mere negligence, but wilfulness, recklessness and wantonness, under the rules that I have stated to you in reference to that element, then you add to the actual damages, by way of punishment, a sum known as punitive damages. The idea being there to

punish the defendant and others in like circumstances and deter them from committing such like wrongs in the future.

The amount claimed here is five thousand dollars—that is for the actual and punitive damages charged in the complaint. If you find both actual and punitive damages, add the two together in a lump sum.

Upon this defense of contributory negligence: That is what is known as an affirmative defense. The burden is upon the railroad, that charges that against the plaintiff, to prove it by the greater weight or preponderance of the evidence. If the thing is exactly evenly balanced, then it is not made out in the law. There must be something that outweighs in favor of the defense set up in order for it to be established. So as to the plaintiff's case. He must prove his case by the greater weight or preponderance of the evidence. If there the thing is evenly balanced in your mind; if you cannot make up your mind one way or the other about it, the law comes in and gives you the rule by which you solve the difficulty and says plainly that unless he satisfies you by the greater weight, the preponderance, if it fails to preponderate on his side, then his case fails and he is not entitled to recover.

You will decide the case, gentlemen, writing either—We find for the plaintiff (so much money), writing it out in words, and not in figures; or—We find for the defendant. The foreman signs the verdict, and the date—and write it on this paper marked summons for relief. I am going to hand you also, gentlemen, the answer of the defendant, setting out the defenses which I have referred to.

Now, you can take this record, gentlemen, and decide the case.

The exceptions were as follows:

1. That his Honor erred in charging as follows:

"The other one is, that the defendant had negligently and wilfully placed and permitted to remain piles of shingles

and coal on its premises in such a way as to partially block the public highway and prevent a safe passage where plaintiff had to pass.

"Now, unless you decide from the evidence upon that point that the alleged pile of shingles and coal was upon the premises or right of way of the railway company, and, therefore, under their control, they could not obtain as an element of negligence as against them, even though they contributed in any way to bring about Dr. Settlemeyer's injury; because they are only responsible for that which is upon their premises, their right of way, and not for what might have been placed upon their premises by other persons. That is a question for you—whether or not there was such stuff on their premises. If you find that it was not on their premises, of course it could have nothing to do with the case. If you find that it was, then it would be one of the questions for you as to whether or not that was any one of the causes contributing in any way to bring about Dr. Settlemeyer's injury."

The errors being, as it is respectfully submitted:

(a) That in so charging, his Honor left it to the jury to find a verdict against the defendant simply because they might find that the pile of coal and shingles was on the premises of the defendant, without further instructing the jury that even if this coal and shingles was on the premises of the defendant, it could not be held liable, unless:

(1) They were negligently placed there, or negligently allowed to remain there, by the defendant.

(2) That such negligence was a proximate cause to his injury.

(b) Because, in so charging, his Honor left it to the jury to determine whether such coal and shingles was on the premises of the defendant company, there being no evidence tending to show that the place where this coal and shingles was was a part of the premises of the railway company.

(c) Because, in charging as he did, his Honor left it to the jury to say, even if this coal and shingles was on the premises of the defendant, it was *"any one of the causes contributing in any way to bring about Dr. Settlemeyer's injury."* It being respectfully submitted that even if they were on the premises of the defendant, no recovery could be had, unless:

(1) They were negligently placed, or allowed to remain there by the defendant; and,

(2) They contributed as a proximate cause to his injury, and his Honor erred in not so instructing the jury.

2. Because his Honor erred in charging as follows:

"Now, then, gentlemen, that covers the principles generally, and you come to this question, though, arising upon the question of contributory negligence; that if you decide that the railroad company was negligent in any of the particulars charged, or any one of them—with the modifications that I have given to you—that Dr. Settlemeyer was negligent in the management of his horse, but that his negligence arose by reason of being put in the extremity of danger, by reason of the negligence of the railroad, you could not hold that against him as contributory negligence. That would be in the law what is known as an error in the extremity of the situation; where a person or a railroad brings you into a position of peril by reason of negligence, and you there in that extremity take a wrong course, take one that perhaps produces a disastrous result, whereas you might have selected one that does not, the law would not hold that as contributory negligence against you, because the law says having made that mistake in the extremity to which you have been reduced by reason of the negligence of the other person, that that could not be held as contributory negligence against you."

(a) In that, in so charging, his Honor, as it is respectfully submitted, violated section 26, article 5 of the Constitution and charged upon the facts and invaded the

province of the jury, and instructed them that the facts and circumstances related by him in his charge could not be held as contributory negligence on the part of Dr. Settlemeyer.

(b) In that, in so charging, his Honor, as it is respectfully submitted, intimated to the jury, and stated to them "what facts, or series of facts or combination of facts," would constitute contributory negligence, thereby violating the provisions of article 5, section 26 of the Constitution.

(c) Because, in so charging, his Honor failed to instruct the jury that the rule of law governing this case was that of a person of ordinary care, sense and prudence, and by his failure to do so he left it in the power of the jury to find that Dr. Settlemeyer was not guilty of contributory negligence, even though they might have found that a man of ordinary care, prudence and sense would not have acted as Dr. Settlemeyer did in this particular instance.    It being respectfully submitted that the standard of care to be applied in his case is that of a man of ordinary care, sense and prudence, and not what any particular person did or did not do under any particular state of facts.

3. Because it is respectfully submitted that his Honor erred in charging the jury on the question of damages, as follows:

"Now, on the question of damages: if you decide in favor of the plaintiff, Dr. Settlemeyer, for actual damages, then your inquiry would be confined to giving him such an amount as would actually compensate him for the injuries received.    You taking into consideration there, the laws says, such things as pain and suffering, and such as loss of earning capacity in the past, and as to future damages, if the injury be permanent.    Those must be confined only to such as is reasonably certain will of necessity result in future from the injury; the idea being simply to compensate the party for the injuries received; such damages as those as I have stated to you; actual damages are those

which flow from negligence—mere negligence. Now, then, if you go a step further and find, not only mere negligence, but wilfulness, recklessness and wantonness, under the rules that I have stated to you in reference to that element, then you add to the actual damages, by way of punishment, a sum known as punitive damages. The idea being there to punish the defendant and others in like circumstances, and deter them from committing such like wrongs in the future."

The errors being, it is respectfully submitted:

(a) That has Honor, in so charging, instructed the jury, in effect, that the same act, and the same evidence would warrant the jury in finding that the defendant was guilty of negligence and at the same time of wilfulness and wantonness; whereas, it is respectfully submitted that the same act cannot be an act of negligence and at the same time an act of wilfulness and wantonness.

(b) Because his Honor in so charging instructed the jury, in effect, that the same evidence would warrant them in finding that the defendant was negligent and at the same time wilful and wanton; whereas, it is respectfully submitted, his Honor should have instructed the jury that the same evidence would not support a charge of negligence and at the same time a charge of wilfulness and wantonness.

4. Because his Honor erred in instructing the jury as follows:

"To come in detail to the particular points of this case. Under the statute law of this State a railroad company has no right to leave its cars across a public highway for a period of more than five minutes, and if it receives notices to move the car after it has been across the highway for a greater length of time than that, and it fails to do so, and injury results to some one as a proximate result of the car being thus in violation of the statute law across the high-way, then the law says that is deemed to be negligence on

the part of the railroad company itself; and that presumption of negligence goes throughout the whole case, and the burden is upon the railroad to show that it was not negligent. It raises a presumption of negligence, or says that it is negligence of itself for it to have its car so placed, and a person who receives injury by reason of the car being so placed, as a proximate result of it, has that in his favor throughout the inquiry—that they are negligent by reason of having violated the statutory law. Now, however, that, of course, does not apply, you cannot hold it to be negligence and as a violation of the statute unless notice was given to the railroad, as you heard read from the statute there, and which it is useless for me to read to you again."

The errors being, as it is respectfully submitted:

There is no evidence in this case showing that any notice was given to the railroad company, as required by the statute, and his Honor erred in leaving it to the jury to determine whether or not notice had been given, instead of instructing them, as he ought to have done, that no notice had been given, and that, therefore, this could not be considered by them.

5. Because his Honor erred, as it is respectfully submitted, in charging as follows:

"But, however, and it is also charged in this case, not only that this railroad had its car across this alleged highway in violation of the statute, or in violation of law, but it is also charged that it was negligence on their part, regardless of the statute, to have its car there, or even so near across it as to cause animals, horses, to be frightened by reason of the alleged noxious odor of the car, and the smell of wild animals kept therein."

"Now, under the law, gentlemen, it would be for the jury to say whether or not it was negligence on the part of the railroad company to have its car placed across, obstructing a public highway, or so near it as to endanger

safety to those traveling that public highway—having a right to travel that highway."

The error being, as it is respectfully submitted, that under the law, a railroad company has a right to leave cars on its track near a highway, provided such cars do not obstruct the highway, and his Honor erred in instructing the jury that it might be negligence to leave a car near to a public highway.

6. Because his honor erred in instructing the jury as follows:

"Now, a question is made here as to whether this was a highway or not. That is for the jury to decide from the evidence. Unless you decide that it was a public highway, then this law that I have stated to you would have no application—that being only as to highways. But it would be for you, gentlemen, to say whether that road is such a one as the public generally had been accustomed to use for a period of more than thirty years without permission from anyone—using it as a matter of right. If so, the right of the public would have become established therein, and it would be such a public highway—otherwise not."

"So, then, gentlemen, it is for you to say from all the facts and circumstances, does the evidence show by the greater weight or preponderance of it that it was a want of due care on the part of the railroad company to have the car placed as it was placed."

The errors being, as it is respectfully submitted:

That whether this was a public highway was a matter of law and not a matter of fact to be passed upon by the jury, and his Honor should have determined this question for himself and not have left it to the jury, as he did.

7. Because his Honor erred in instructing the jury as follows:

"The jury have to take those matters and decide them for themselves in each case. They set the standard of what people must do in the exercise of due and ordinary

care.   The Court can only tell you ·what the standard is: That it is due care which is required.   A person might bring a suit against a railroad company for leaving a car anywhere, and the question would be for the jury whether in the exercise of due care it was negligence for the railroad company to leave the car there.   If the jury say it was negligence, then the railroad would be responsible. Otherwise it would not."

The errors being, as it is respectfully submitted:

That his Honor, in charging as he did:

(a) Left it to the jury to set a standard of what people in the exercise of due and ordinary care would do, and in instructing the jury that "if they say it was negligence, then it would be negligence," and in further instructing them that a person could bring a suit against a railroad company for leaving its car anywhere, and it would be a question for the jury to say whether in the exercise of due care it was negligence to leave it at such place, thus placing it in the power of the jury, under the disputed question of fact in this case, to say whether it would be negligence for the railroad company to have left its car outside of the limits of a public road—if any such existed—at a point so distant from said road as not to endanger persons traveling along the highway.

8. Because his Honor erred·in allowing evidence to be introduced as to the fright of other horses.

The error being, it is respectfully submitted:

(a) That what occurred with other horses at other times was irrelevant and tended to prejudice the case in the minds of the jury by permitting the plaintiff to introduce evidence as to what occurred as to other persons who are not parties to this suit.

(b) That it was allowing the witness to testify and give his opinion upon a question to be solved by the jury.

9. Because his Honor erred in permitting the plaintiff to ask the following question of Dr. George W. Heinitsh:

"Q. If, on account of a blow upon the head, some portion of the skull is bent down, slightly pressing upon the brain, in that event, what effect would every exertion or hard work have on the individual?"

And in permitting the witness to answer it against the objections of the defendant.

The error being, as it is respectfully submitted:

That there was no evidence tending to show that the skull of the plaintiff was bent down or was pressing upon the brain, and it was, therefore, an error to allow the plaintiff to ask the medical expert as to his opinion upon a supposed state of facts which did not exist, and which were not pertinent to the issues of this case.

*Messrs. Sanders & DePass,* for the appellants, cite: *Charge as to nuisance omits reference to proximate cause:* 55 S. C. 397; 51 S. C. 237; 58 S. C. 222; 94 S. C. 143. *Charge on facts:* 90 S. C. 414. *Standard of due care:* 69 S. C. 534. *Same act cannot be both negligent and wanton:* 69 S. C. 494; 68 S. C. 98; 78 S. C. 329; 81 S. C. 32; 91 S. C. 78. *Hypothetical charge not relevant:* 1 Jones Ev., sec. 371; Abb. Civ. Jury Trials 199; 17 Cyc. 247; Thomp. Trials, sec. 606.

*Mr. J. C. Otts,* for the respondent, cites: *Entire charge unobjectionable:* 54 S. C. 498; 55 S. C. 568; 57 S. C. 280; 86 S. C. 16; 85 S. C. 455. *Irrelevant instruction harmless:* 74 S. C. 135; 72 S. C. 361. *Charge on facts:* 58 S. C. 360; 47 S. C. 517; 86 S. C. 394; 6 Thomp. Neg., sec. 7019. *Further instructions should have been requested if needed:* 60 S. C. 169. *Waiver of objection to charge:* 74 S. C. 135; 72 S. C. 361. *Common law liability for frightening animals:* 91 S. C. 150. *Jury should determine existence of way:* 74 S. C. 425; 80 S. C. 376; 86 S. C. 154. *Evidence as to animals being frightened:* 27 Conn. 631; 70 Me. 282; 49 Am. Rep. 613; 76 S. C. 62; 72 S. C. 1.

April 15, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The record is too voluminous; there are one hundred pages of testimony; little of it relevant to the issues made by the exceptions; four-fifths of it might have been omitted, to the advantage of everybody, but especially to the litigants.

The plaintiff got a verdict against the defendant for twenty-five hundred ($2,500.00) dollars, damages to the person. The defendant appeals. The cause has hitherto been here. 91 S. C. 147, 74 S. E. 137.

The delict charged against the defendant is that it left a box car, or cars, on its tracks, near or at a public highway crossing; that the cars had been occupied by certain wild animals so that they gave out foul odors; that on the platform near the car defendant suffered to remain a cage inhabited by rabbits which made fluttering noises; that while plaintiff was driving along the highway at and over the crossing, his horse became frightened by the sounds and odors, ran away, and flung the plaintiff out of the buggy to his hurt.

The answer admitted plaintiff was driving along a road and was injured; denied negligence, and pleaded contributory negligence, amongst other things, in the management of his horse.

There are nine exceptions, of which seven suggest errors in the charge, and two suggest errors in the admission of incompetent testimony.

In the supplementary argument of the appellant's counsel are these words: "We respectfully submit that there is merit in the appellant's second and ninth exceptions, no matter what may be said as to the others."

That is a helpful and candid statement to make; it informs the Court of counsel's real contentions.

The charge and the exceptions thereto will be printed in the report of the case.

The first exception is without merit.

The complaint sets out four delicts, and the Court was discussing the fourth, that which has reference to shingles piled near the locus.

The exception is that the Court, in effect, charged the jury that the defendant was liable for the simple act of placing or leaving the shingles at the locus, and without regard to whether the act was negligent or whether it was a proximate cause of the accident. But the Court stated to the jury that "the other (issue) is that the defendant had negligently and wilfully placed and permitted," etc.; and the Court had in the inception of the charge instructed the jury that the defendant was in no event liable except for negligence, and had defined what constituted negligence; and referring to the fourth delict, the Court instructed the jury "it would be one of the questions for you, as to whether or not that was one of the causes contributory in any way to bring about Dr. Settlemeyer's injury."

The jury is presumed to have understood from the charge that the defendant was only liable under the fourth delict in the event the shingles were negligently left or placed at the locus, and unless that was a proximate cause of the accident.

The third exception is without merit.

It is true negligence is the result of inadvertence and wilfulness is the result of intent; but the Court did not instruct the jury that the same act might be referred to neglect or to intent; the Court had aforetime, at folio 447, plainly advised the jury what wilfulness meant, to wit: a conscious realization of wrongdoing.

The fourth exception is without merit.

The Court read to the jury section 1947 of the Code of Laws: but the jury was instructed that the section had no

application to the case unless the notice there referred to was given to the railroad company. It is contended, however, by counsel, that no such notice was given, and the jury ought to have been so advised by the Court. But if in fact no such notice was given, then the statute was not applicable, and the jury so understood.

The fifth exception is without merit.

It was correct to instruct the jury that independent of section 1947 of the Code of Laws, the defendant was liable if it left its cars on the tracks so near a crossing as to frighten passing animals by reason of the noxious odors therefrom, and if that was, in the jury's judgment, negligent.

It is not true that the defendant might leave its cars with impunity on its track near a highway, provided only the cars do not obstruct the highway.

*Obstruction* is not the *only wrong,* which might come from a car standing in close proximity to a public crossing.

The sixth exception is without merit.

The statement of the appellant's contention defeats itself. Whether a way exists, and whether it be public, are always questions of fact for a jury, under proper instructions.

The seventh exception is without merit.

By the defendant's own witnesses the car was within three feet of the ruts of the highway; so that if the Court did charge about the liability of a railroad company about a car "so distant from said road as not to endanger persons travelling along highways," the instruction had no relevancy to the case at bar, and did not operate on the fact in the case at bar. The defendant made no pretense that the car was distant from the crossing.

The eighth exception is without merit.

The issue was the liability of the obstruction to cause fright to the horse of the plaintiff; and that involves another issue, to wit: The susceptibility of that horse to fright. If

other horses were affected by the obstruction under like circumstances in the same way the plaintiff's horse was affected, the inference follows that the obstruction was calculated to scare the ordinary horse.    The rule is thus stated in 11 Cyc., p. 284: "The observed uniformity of nature raises under such circumstances (*i. e.,* identical physical conditions) an inference that like causes will produce like results," and conversely, that like results, under like circumstances, are probably due to the same cause.

And that leaves for the last consideration those two exceptions hereinbefore referred to, the second and ninth; and of these two, the ninth will be first considered, an improper question put to a medical man.

Dr. Heintish was a witness for the defendant, and the question objected to was put to him on cross-examination.

Here, if there be hurt, it must lie in the answer of the witness, and not in the question of counsel.

The answer was: "Where you have a fracture of the skull, of course you have inflammatory symptoms set up, and meningitis, inflammatory symptoms, and in that case epilepsy might follow; and if there be pressure, these conditions might come on any time during the life of the injured person; and (redirect) if there be an indentation, the signs or symptoms grow worse; and if there be improvement in the patient's condition, then there was likely no fracture.

It is manifest from the testimony of the doctor, that the issue whether or not there was a fracture, was not settled by the surgeon's knife, but by signs or symptoms from which a fracture might be inferred or negatived.    It was competent on cross-examination to argue a fracture from symptoms; or to negative a fracture from symptoms, as defendant's counsel undertook to do.

Finally, that exception upon which counsel for appellant expended most of his argument is the second. It imputes to the charge an error of commission, stated in two aspects; and also an error of omission.

But the body of the offense given lies in taking from the jury the decision of whether the plantiff was guilty of a negligence which proximately contributed as one of the causes of the accident.

In short, it is contended the jury was instructed that the plaintiff's conduct was not negligent.

And for authority, reference is craved to a charge on the same subject, by the same trial Judge, already disapproved. *Dobson* v. *Receivers,* 90 S. C. 415, 73 S. E. 875.

The particular passage in the charge so assailed, lies betwixt folios 466 and 468, and embraces about twenty lines, starts with "Now, then, gentlemen," and concludes with "as contributory negligence against you."

Theretofore the Court had given to the jury a plain and full charge of what negligence consisted, and of the effect of negligence on the part of a plaintiff.

At the point now under consideration, the Court proceeded to state a limitation on the doctrine of the effect of plaintiff's negligence theretofore set forth. The limitation was characterized an "error in the extremity of the situation."

That is to say, if in a noncomplex case a plaintiff acts with negligence, and that act is one of proximate causes of the accident, then he cannot recover.

But, if that act by plaintiff be induced by a perilous situation thrust upon him by defendant, which makes it apparently necessary for the plaintiff to act *now,* then such act is modified by the extremity, and the jury *may characterize it,* not as negligence, but as excusable apparent necessity, and harmless to defeat plaintiff's action.

The charge on that subject in the case at bar is not different in principle from the charge above referred to.

The Court instructed the jury here: "If you decide that the railroad company was negligent, (and) that Dr. Settlemeyer was negligent, but that his negligence arose by reason of being put in the extremity of danger by reason of the negligence of the railroad (then) you could not hold that against him as contributory negligence * * *.

Where a * * * railroad brings you in a position of peril by reason of its negligence, and you * * * in that extremity take a wrong course * * * the law would not hold that as negligence against you, *unless you failed to act with reasonable care under the extraordinary circumstances* of the particular transaction.

Some immaterial words of the charge have been omitted; a few in brackets have been added, to lend clearness, and the last words in italics are those which ought to have been added by the Court, so that the jury might say at last, whether the plaintiff did that which he ought to have done, extremity or no extremity.   In every transaction, the jury must judge (1) if there be an extremity, and (2) whether the plaintiff acted *thereunder* as he ought to have acted. The true rule is stated in *Thompson* v. *R. R.,* 81 S. C. 338, 62 S. E. 396: "The test is whether a reasonably prudent man, in the same exigency would have (so acted)."

Finally, while the books do state a rule like that laid down by the Court, the rule of the extremity of the situation, yet the rule is not relevant to every transaction.   The rule is stated in 21 Cyc. 521; and it is not relevant to the facts of this case, unless to the facts of every tort case.

It was strictly relevant in the Thompson case, *supra;* and though the opinion therein did not give a name to the rule, the rule in its essence was applied.

The jury in the case at bar was practically instructed, that this was a case for the application of the rule; and that under the rule, that which the plaintiff did towards the man-

agement of his horse could not under the extremity of the circumstances be counted against him.

Judgment is set aside, and a new trial is ordered.

MR. CHIEF JUSTICE GARY concurs in the result.